---

CASE 26.—ACTION BY GEORGE SCHUSTER & COMPANY AND OTHERS AGAINST THE CITY OF LOUISVILLE AND OTHERS TO RESTRAIN THE ENFORCEMENT OF AN ORDINANCE.—December 15, 1905.

## Geo. Schuster &, Co., &c. v. City of Louisville &c.

| 124 | 189 |
| 138 | 444 |
| 138 | 803 |

Appeal from Jefferson Circuit Court; Chancery Branch (First Division).

SHACKELFORD MILLER, Judge.

Judgment for defendants. Plaintiffs appeal. Reversed.

1. Municipal Corporations—Taxation—Constitutional Provisions —Neither Const., section 181, relating to taxation, as amended, nor Act March 18, 1904, (Laws 1904, p. 93, c. 33), passed pursuant thereto, requires any city or town to provide for taxation for municipal purposes on personal property, based on income, licenses, or franchises; but the municipal authori

ties are given the option to substitute for the ad valorem tax on personal property a tax based on income, licenses, or franchises, which option they may exercise, or not, in their discretion.

2 Same.—The option given to municipal corporations by Const., section 181, relating to taxation, as amended, and by Act March 18, 1904, (Laws 1904, p. 93, c. 33), passed pursuant thereto, to substitute for the ad valorem tax on personal property a tax based on income, licenses, or franchises, necessarily carries with it the power to define the classes of property as to which the substitution is made, since such substitution could not be made as to all classes of property.

3. Taxation—Equality and Uniformity—Constitutional Provisions. —Const., section 181, as amended, giving municipal corpora tions the option to substitute for the ad valorem tax on personal property a tax based on income, licenses, or franchises, does not repeal or impair the mandatory provision of section 171, declaring that all taxes shall be uniform on all property subject to taxation within the territorial limits of the authority levying the tax.

4. Same.—While the municipal legislature may, under the amendment to Const., section 171, classify personal property on the basis of income, licenses, or franchises, the tax must be uniform within the territorial limits of the authority levying the tax; and, under the guise of substituting one method of assessment for another, the burden, which should fall on all equally, must not be shifted, so as to throw on some more of the common burden than their proper share.

5. Same.—Under Const., section 181, as amended, empowering the General Assembly to authorize cities to provide for taxation for municipal purposes on personal property, tangible and intangible, based on income, licenses, or franchises, in lieu of an ad valorem tax thereon, and Act March 18, 1904, (Laws 1904, p. 93, c. 33), passed pursuant thereto, giving cities such authority, an ordinance providing a sliding scale as to merchants and manufacturers, under which the tax decreases with the amount of sales or manufactured product, is repugnant to Const., section 171, requiring taxes to be equal and uniform.

6. Same.—A city council may by ordinance provide for the taxation of personal property, based on income, licenses, and franchises, provided the classes of property which are thus taxed are not favored and bear substantially the same part of the common burden as under the ad valorem system.

7. Same—National Banks.—Under the statute of the United

George Schuster & Co., &c., v. City of Louisville, &c.

States no tax can be levied on national banks, based on income, licenses, or franchises.

8. Same—Discrimination between National Banks—Shares and Other Moneyed Capital.—Under Const., section 181, as amended, empowering the General Assembly to authorize cities to provide for taxation for municipal purposes on personal property, tangible and intangible, based on income, licenses, or franchises, in lieu of an ad valorem tax thereon, and Act March 18, 1904, (Laws 1904, p. 93, c. 33), passed pursuant thereto, giving cities such authority, an ordinance providing for the levying of a tax on state and national banks and trust companies, based on income, licenses, or franchises, is void as to national banks; and if the shares of such banks should be assessed on an ad valorem basis, while the state banks are taxed under the ordinance, the assessment would be void as to national banks as a discrimination in favor of state banks and trust companies, the rate on the ad valorem basis being higher than that paid by the state banks and trust companies under the ordinance.

9. Same—Income—License and Franchise Taxes.—An ordinance purporting to make a permanent rate for manufacturers, merchants, banks, and trust companies, based on income, licenses, and franchises, which shall be unaffected by the fact that the rate on other property, on an ad valorem basis, may go up or down as the years go by, is void.

10. Same—An ordinance fixing a tax, based on income, licenses, or franchises, is simply a substitute for ad valorem tax, and must in order to be valid, provide for an annual levy according to the ad valorem levy, and in such way as to produce practical equality between all classes of property, whenever a new ad valorem ordinance is passed.

11. Municipal Corporations—Taxation—Franchise Tax—Distribution of Proceeds.—A city council may properly apportion a franchise tax between the different objects for which taxes are levied in the same proportion as the ad valorem tax is divided, and may set apart to the school fund such a per cent. thereof as 33 per cent. of the ad valorem tax bears to the whole of it.

ALFRED SELIGMAN for appellant.

POINTS MADE AND AUTHORITIES CITED.

1. The ordinance is unconstitutional.

It distinguishes between classes of personal property, i. e., personal property employed in business or manufacture or by a

trust company or bank and that not so employed.

It is against the provisions of the Constitution and the historic policy of Kentucky, and there is no warrant therefor in the amendment to Section 181 of the Constitution. (Constitution of Kentucky, section 181, as amended. Acts 1902, page 100; Act March 18, 1904, page 99, et. seq.; Constitution of Kentucky, section 171; Lexington, &c., v. McQuillan, 9 Dana, 518; Nicholasville v. Rarick, 102 Ky., 353; Latonia v. Hopkins, 104 Ky., 419; Broadway Baptist Church v. McAtee, 8 Bush, 508; Levy v. City of Louisville, 97 Ky., 403.)

2.   It taxes unequally property employed in business or manufacture or by a bank or trust company, there being a variation in the rate according to the amount of business done, but the rate is not a uniform percentage of the sales.   The tax, by the terms of the constitutional amendment, remains a tax on property and therefore within the provision of Section 171 of the Constitution requiring uniformity.

(a)   The classification made by the ordinance is unreasonable, not being founded on natural facts, and is therefore void.   (Constitution of Kentucky, section 181 as amended; Constitution of Kentucky, section 171; Levy v. City of Louisville, 97 Ky., 400; Sutton's Heirs v. Louisville, 5 Dana, 31; Lexington v. McQuillian's Heirs, 9 Dana, 513; Bureau v. Ch. R. R. Co., 44 Ill., 229; Parish E. Felecia v. Gurth, 26 La. An., 140; State v. Endom, 23 La. An., 663; Marsh v. Clark Co., 42 Wis., 503; Johnston v. Macon, 42 Ga., 645; Sims v. Parish Jackson, 22 La. Ann., 440; State v. Switzler, 143 Mo., 287; State, etc., v. Ferris, 53 Ohio St. Rep. I, 30 L. R. A., 219; Cummins v. Mer. Natl' Bank, 101 U. S., 153; State v. Gorman, 2 L. R. A., 701, 40 Minn., 232.-

(b)   A discrimination to be sustained must be reasonable and founded on natural facts.   (Tennessee v. Alston, 97 Tenn., 674, 28 L. R. A., 178; Kneisel v. Cottrel, 196 Pa. St., 614, 50 L. R. A., 87; State v. Farmers' Irrig. Co., 59 Neb., 4, 80 N. W., 53; McHenry v. Alford, 168 U. S., 663; Nashville v. Taylor, 86 Fed., 168; Wyatt v. Ashbrook, 154 Mo., 375, 48 L. R. A., 265; Minott v. Winthrop, 26 L. R. A., 259, 162 Mass., 113;   Judson on Taxation, 564.)

(c)   Even if a "license" and not a tax, there must be some regard for uniformity.   (Cooley Taxation, 2d Ed., 260; Judson on Taxation, 599, 600; Council v. Renfro (Ky.), 58 S. W. Rep., 795;   Century Dictionary for meaning of "equality" and "uniformity.")

Cases distinguished: (Magoun v. Ill. T. & S. Bk. Co., 170 U. S., 293; Clark v. Titusville, 184 U. S., 330; Judson on Taxation, 588; Commonwealth v. Clark, 195 Pa. St. Rep., 637.)

3.   The ordinance fails to specify for what purpose or pur-

George Schuster & Co., &c., v. City of Louisville, &c.

poses the tax is levied or imposed, and how the revenue there-from shall be expended. This is in violation of the constitutional requirement. (Constitution of Ky., section 180; Act March. 18, 1904; City of Somerset v. Somerset Bank Co., 22 Ky. Law Rep., 1132; Cahill v. Perine, 20 Ky. Law Rep., 1454; Pulaski v. Watson, 21 Ky. Law Rep., 61; City of Louisville v. Eutton, 26 Ky. Law Rep., 607; Kentucky Statutes, 2981; Spring Valley Coal Co. v. People, 157 Ill., 543.)

4. For a period the taxation is double. (Cooley on Taxation, 2nd Ed., page 394.)

5. Besides, ·the ordinance cannot be administered, as there is no way of applying to the tax collected thereunder the provisions and requirements of 2969, Kentucky Statutes, relating to the school tax.

HUMPHREY, HINES & HUMPHREY, A. E. RICHARDS, CHARLES A. WILSON and L. R. YEARMAN for Appellee.

## SYNOPSIS.

1. The powers vested in the sinking fund are not violative of the personal liberty of the tax payer. (Cooley on Taxation, 3rd Ed., page 624; First National Bank v. Hughes, 106 U. S., 523; S. C. 27, L. Ed., 268; State v. Wood, 110 Ind., 82; 10 N. E. 639; Co-op. Bldg. and Loan Ass'n v. State, 156 Ind., 463; 60 N.. E., 146; Smith v. City of Louisville, 9 Ky. Law Rep., 779; Ky. Stats., secs. 2984-A, Sub-sec. 7; ib., Sub-sec. 12; Ky. Stats., secs. 4090, 4047.)

2. The exemption from ad valorem assessment of property employed in business paying a license tax is warranted by section 181 of the Constitution as Amended. (Bamberger, Bloom & Co. v. City of Louisville, 82 Ky., 337; Levi v. City of Louisville, 97 Ky., 394; Cons. of Ky., secs. 172 and 181 prior to amendment; Cons. of Ky. sec. 181 as amended.)

3. The ordinance distinctly specifies the purpose of the tax. (City of Somerset v. Somerset Banking Co., 109 Ky., 549; 22 Ky. Law Rep., 1132; Birch v. Owensboro, 18 Ky. Law Rep., 284; 36 S. W., 12; Cahill v. Perine, 105, Ky., 531; Pulaski County v. Watson, 106 Ky., 500; Westinghausen v. People, 44 Mich., 265; 6. N. W., 641; People v. Home Insurance Co., 92 N. Y., 328; People v. Supervisors, 17 N. Y., 235; Ky. Stats., sec. 2983; Spring Valley Coal Co. v. People, 157 Ills., 543; 41 N. E., 874; Levi v. City of Louisville, 97 Ky., 394.)

4. The law does not require that the assessment and collection

vol. 124—13.

of the license taxes shall be concurrent in time with the assess-ment and collection of ad valorem taxes. (Act of March 18, 194, section 4; L. & N. R. R. Co. v. City of Louisville, 16 Ky. Law Rep., 796.)

5. The ordinance will not result in double taxation.

6. The ordinance operates equally and uniformly upon all merchants within the same class. (Smith v. City of Louisville, 9 Ky. Law Rep., 779; Holzhauer v. Newport, 94 Ky., 407; Strater Bros. Tobacco Co. v. Commonwealth, 25 Ky. Law Rep., 1717; 78 S. W., 871; Hall v. Commonwealth, 101 Ky., 382; Magoun v. Illinois Trust & Savings Bank, 107 U. S., 283; Kentucky Rail-road Tax Cases, 115 U. S., 321; Clark v. Titusville, 184 U. S., 329; State v. Carter, 129 N. C., 560, 40 S. E., 11; City of Sacra-mento v. Crocker, 16 Calif., 119; In Re Watson (S. Dak.), 97 N. W., 463; Williamsport v. Wenner, 172 Pa., 173, 33 Atl., 544; San Luis Obispo County v. Greenburg, 120 Cal., 300, 52 Pac., 797; Cobb v. Durham County, 122 N. C., 307; 30 S. E., 338; Burl-ington v. Putnam Ins. Co., 31 Iowa, 102; State v. Liverpool Insur-ance Company, 40 La. Ann.—, 4 Sou. Rep., 504; Cons. of Penn., sec. 1, Art. 9; Cons. of Kentucky, sec. 171; Knisely v. Cotterel, 196 Pa. 614; 40 Atl., 861, 50 L. R. A., 86.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

At its regular session in the year 1902 the General Assembly passed the following act (Laws 1902, p. 100, c. 50), amending section 181 of the Constitution: "An act to provide for an amendment to section 181 of the Constitution of Kentucky.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 1. That upon the concurrence of three-fifths of all the members elected to each house, the yeas and nays being taken thereon and entered in their respective journals, section 181 of the Constitution of Kentucky be, and it is amended by adding to said section the following words: 'And the General Assembly may, by general laws only, authorize cities and towns of any class to provide for taxation, for

municipal purposes, on personal property, tangible and intangible, based on income, licenses or franchises, in lieu of an ad valorem tax thereon: Provided, cities of the first class shall not be authorized to omit the imposition of ad valorem tax on such property of any steam railroad, street railway, ferry, bridge, gas, water, heating, telephone, telegraph, electric light or electric power company,' so that said section, when so amended shall read as follows:

" 'Section 181. The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect taxes. The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions. And the General Assembly may, by general laws only, authorize cities or towns of any class to provide for taxation for municipal purposes, on personal property, tangible and intangible, based on income, licenses or franchises, in lieu of an ad valorem tax thereon: Provided, cities of the first class shall not be authorized to omit the imposition of an ad valorem tax on such property of any steam railway, street railway, ferry, bridge, gas, water, heating, telephone, telegraph, electric light or electric power company.'

"Section 2. This amendment shall be submitted to the voters of the State for their ratification or rejection at the time and in the manner provided for

under section 256 of the Constitution of Kentucky, and under the provisions of the act of May 12, 1897, being section 1459 of the compilation of laws known and designated as the Kentucky Statutes.''

The amendment was submitted to the voters of the State and was adopoted by the requisite majority. After this at its next session, the General Assembly passed the act approved March 18, 1904 (Laws 1904, p. 93, c. 33), to carry the amendment into effect. This act, so far as material, is as follows:

''An act to amend the revenue laws of cities of the first class so as to carry into effect the amendment of section 181 of the present Constitution.

''Be it enacted by the General Assembly of the Commonwealth of Kentucky:

''Section 1. That section 195 of chapter 244 of Session Acts of 1891, 1892 and 1893, approved July 1, 1893, and being section 2980 of the Kentucky Statutes, be, and the same is hereby repealed, and the following substituted so that said section as amended and hereby re-enacted, shall read as follows:

'' 'Section 195 (2980). Each city shall raise a revenue from ad valorem taxes, and from a tax based on income, licenses and franchises, and to that end the general council of each city is hereby authorized and empowered to provide each year, by ordinance, for the assessment of all real and personal estate within the corporate limits thereof, subject to taxation for state purposes, and may levy an ad valorem tax on the same not exceeding the rate and limits prescribed in the Constitution; and for school purposes, not exceeding fifty cents on each one hundred dollars of taxable property therein; and may impose license fees on stock used for breeding purposes, and on franchises, trades, occupations and professions; and may provide for taxation, for municipal purposes, on

personal property, tangible and intangible, based on income, licenses or franchises in lieu of an ad valorem tax thereon: Provided, such general council shall not be authorized to omit the imposition of an ad valorem tax on such property of any steam railroad, street railway, ferry, bridge, gas, water, heating, telephone, telegraph, electric light or electric power company. Said council shall provide for the collection of all taxes imposed thereunder. All taxes and license fees shall be levied or imposed by ordinance, and the purpose or purposes for which the same are levied or imposed shall be specified therein, and the revenue therefrom shall be expended for no other purpose than that for which it was collected. All ad valorem taxes shall be collected by the tax receiver, and all license taxes, including all taxes on personal prop- erty, tangible and intangible, based on income licenses and franchises, in lieu of an ad valorem tax thereon, shall be collected by the secretary and treasurer of the commissioners of the sinking fund: Provided, that all taxes so collected by said secretary and treasurer in lieu of ad valorem taxes on per- sonalty shall be paid by him monthly to the city treasurer, who shall receipt to him therefor, and the said secretary and treasurer shall furnish monthly to the city comptroller a statement showing what persons, firms or corporations have, during the previous month, paid such taxes, the amount paid by each, and the total amount paid by him to the city treasurer. Nothing in this section shall be so construed as to deprive the general council of the power hereby granted to it to provide by ordinance in its discretion for the levy and collection of taxes based on income, licenses and franchises in addition to ad valorem taxes on the property of any of the corporations whose franchise is subject to assessment

by the city assessor as set out in section three of this act, which is section one of section 2984a, Kentucky Statutes, as amended by this act, and the general council shall have power to levy ad valorem taxes on the property and franchises of railroads as assessed and apportioned by the railroad commission and the State board of valuation and assessment: Provided, that no corporation, individual, firm or association, which pays an ad valorem tax and a franchise tax shall also be required to pay a license tax.' ''

Pursuant to this act the general council of Louisville adopted the following ordinance:

''An ordinance to impose licenses under the authority of section one of the act to amend the revenue laws of cities of the first class so as to carry into effect the amendment to section 181 of the present Constitution, approved March 18, 1904.

''Be it ordained by the General Council of the City of Louisville as follows:

''Section 1. Every merchant (except those mentioned in sections 2 and 12 of this ordinance) whether individual, firm or corporation, having a place of business in the City of Louisville, wherein goods, wares or merchandise are offered for sale, or are stored for the purpose of delivery on sale, shall be required to obtain a license from the commissioners of the sinking fund, and upon procuring such license shall pay therefor in proportion to the gross amount of his annual sales as follows: On the first $1,000 or less, $5.00. On every $1,000 and fraction thereof exceeding the first $1,000 and not exceeding $20,000, $3.50. On every $1,000 and fraction thereof exceeding $20,000 and not exceeding $80,000, $2.50 On every $1,000 and fraction thereof exceeding $500,000, $1.00.

"Section 2. Every commission merchant and every receiver and shipper of grain, whether individual, firm or corporation in the City of Louisville, engaged in the business of selling goods, wares and merchandise, exclusively on commission, shall be required to obtain a license from the commissioners of the sinking fund, and upon procuring such license shall pay therefor in proportion to the gross amount of annual sales as follows: If said sales do not exceed $100,000, the license fee shall be $25.00. If said sales exceed $100,000, but do not exceed $250,000, said license fee shall be $50.00. If said sales exceed $250,000, said license fee shall be $100.00.

"Section 3. Every person, whether individual, firm or corporation, manufacturing goods, wares or merchandise of any description, in the City of Louisville, and vending the same (except those persons, individuals, firms and corporations, excluded from the provisions of this ordinance under section 12 hereof), shall be required to obtain a license therefor in proportion to the gross amount of his annual sales of manufactured product as follows: On the first $1,000, or less, $5.00. On every $1,000 and fraction thereof exceeding the first $1,000, and not exceeding $20,000, $1.75. On every $1,000 and fraction thereof exceeding $20,000, and not exceeding $80,000, $1.25. On every $1,000 and fraction thereof exceeding $80,000 and not exceeding $500,000, 75 cents. On every $1,000 and fraction thereof exceeding $500,000, 50 cents.

"Section 4. It shall be the duty of each merchant and manufacturer on or before the 15th day of each August, to make a return, under oath, of the individual, member of a firm or officer or agent of a corporation, to the secretary of the commissioners of the sinking fund stating what has been the gross

amount of sales for the preceding year, from July 1st to July 1st, and it shall be competent for the commissioners of the sinking fund, if they are not satisfied as to the verity of said return to cause its secretary to give to such merchant or manufacturer ten days' notice by mail of its intention to investigate the same, at which investigation such merchant or manufacturer shall have the right to be heard and introduce evidence, and said commissioners of the sinking fund may require the production of witnesses and the books of such merchant or manufacturer before them, and they may from such return and from such books and evidence determine the amount of the license due by such merchant or manufacturer. Upon such return or upon such determination, the secretary shall give notice to such merchant or manufacturer of the amount of license so due for the succeeding year, and thereupon the said merchant or manufacturer shall pay the same to the treasurer of the commissioners of the sinking fund on or before the 15th day of the succeeding October.

"Section 5. Every bank or trust company having a place of business in the City of Louisville shall be required to obtain a license from the commissioners of the sinking fund. Every such bank and trust company shall, on or before August 15th of each year, make a return, under oath of its president or cashier, of the amount of its gross earnings for the preceding year from July 1st to July 1st. Such gross earnings shall include the entire revenue derived by said bank or trust company from every character of investment owned and business done by it, without any deduction on any account whatever, except that there shall be deducted from such revenue the amount shown by the oath of the president to have been actually paid by said bank or trust company for interest on

deposits.    If the commissioners of the sinking fund are not satisfied as to the verity of such return they shall have the right to call for the production of the books of such bank or trust company, and from such returns, such books or other evidence, fix the amount upon which the license is to be paid, and give notice to said bank or trust company of such amount; and in like manner as prescribed in the preceding section, such bank or trust company may contest such increase.    Thereupon, on or before the 15th day of October, the said bank or trust company shall pay to the treasurer of the commissioners of the sinking fund five per cent. upon the amount of the gross earnings less the allowed deduction as above prescribed, as fixed by the return or determination of the commissioners of the sinking fund.

"Section 6.    The payment by said merchant, manufacturer, bank and trust company of the license fees herein exacted shall be in lieu of ad valorem taxes upon the personal property, tangible and intangible, of said merchants, manufacturers, banks and trust companies, employed in their respective businesses, and which would otherwise be assessed on the first day of September of the year in which the licenses are dated.

"Section 7.    Each license issued under the preceding sections shall be dated on October 15th, and shall run for one year.

Section 8.    Every merchant, or commission merchant, or manufacturer, bank or trust company, beginning business in the City of Louisville after the 1st day of July, in any year, shall procure a license from the commissioners of the sinking fund from the time such business shall be commenced until the 15th day of October of the succeeding calendar year, if the business is commenced between January

1st and July 1st. The amount due for such license shall be paid at once upon its being procured, and the party procuring the same shall make oath as to what his best estimate of what such license would be if estimated according to the scale herein fixed for the business about to be commenced; the commissioners of the sinking fund to have the right at any time during the currency of such license to ascertain from the books of the licensee or from such other evidence as they may be able to procure whether such estimate is a correct one, and if not correct in their judgment, they shall fix an additional amount to be paid, and notify the licensee. Thereupon such licensee shall have the right to produce such evidence as he may desire before the commissioners of the sinking fund, who shall have the right to reduce or increase the estimate so made by them.

"Section 9. The license fees collected by the treasurer of the sinking fund by virtue of this ordinance shall be paid by him monthly, to the city treasurer, who shall receipt to him therefor, and the secretary and treasurer of the commissioners of the sinking fund shall furnish monthly to the city comptroller a statement showing what persons, firms or corporations have, during the previous month, paid such taxes, the amount paid by each and the total amount paid by him to the city treasurer.

"Section 10. In default of the payment of the license taxes herein exacted at the time fixed by this ordinance, a penalty of five per cent. shall be added thereto and interest on the amount of such license taxes shall be computed and paid by the delinquent from that date at the rate of six per cent. per annum until paid. For violation of this ordinance in failing to make the report herein exacted or in doing business without the license herein required after October 15,

1905, the party so delinquent shall be subjected to a fine of not less than $25.00, nor more than $100.00 for each offense, and each day the individual, firm, or corporation is in default shall constitute a sepa· rate offense., Such delinquents shall be prosecuted by the commissioners of the sinking fund in the name of the city of Louisville, and all fines so imposed shall, when collected, be paid into the treasury of said commissioner· of the sinking fund.  In addition to said prosecutions the commissioners of the sinking fund may, having first given such delinquent ten days' notice by mail, require the production of the books of such delinquent, and may hear other testimony, and determine therefrom the amount of the license to be paid by the party in default and require its payment according to the provisions of this ordinance.

"Section 11.  The assessor of the City of Louisville shall, in making his assessment, as of September 1st of each year, omit therefrom the personal property, tangible and intangible, of every merchant, manufacturer, bank and trust company which has complied with the provisions of this ordinance.

"Section 12.  This ordinance shall not repeal or in any way affect any ordinance of the City of Louisville now in force which imposes a license tax on any franchise, trade, occupation, profession, or on any stock used for breeding purposes; nor shall it include any merchant or manufacturer, whether individual, firm or corporation, now required by ordinance to pay a license tax upon his or its trade, calling or occupation; nor shall it repeal or in any way affect the ordinance approved July 29, 1898, regarding new manufacturing plants and entitled, 'An ordinance concerning the exemption of manufacturing establishments from municipal taxation.'

"Section 13. The revenue derived from the license taxes imposed by this ordinance shall be used for the purpose of maintaining the general government of the City of Louisville, and shall be apportioned and distributed each year as the ad valorem taxes are apportioned and distributed by the general levy ordinance of that fiscal year.

"Section 14. This ordinance shall take effect from and after its passage."

Thereafter, appellants, who are citizens and taxpayers of Louisville, brought this action to restrain the city council from enforcing the ordinance, on the ground that it is unconstitutional and void. The circuit court dismissed their petition and they appeal.

Section 171 of the Constitution, among other things, provides: "Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws." It is insisted for appellants that the amendment of the Constitution only authorizes cities and towns to provide for taxation for municipal purposes on personal property based on income, licenses, or franchises in lieu of an ad valorem tax thereon; that it does not authorize the classification of personal property and the substitution of the license or franchise system on the property of some and not on the property of all. It is also insisted that the ordinance violates the constitutional provision securing equality and uniformity of taxation on property and is drawn to relieve the burden of the strong at the expense of the weak; that the discriminating rate is unreasonable and founded on unnatural classifications; that the ordinance does not distinctly specify the purposes for which the tax is levied, as required

George Schuster & Co., &c., v. City of Louisville, &c.

by section 180 of the Constitution; that the ordinance cannot be administered under section 2969, Ky. Stats., 1903, regulating the tax for school purposes; and that the ordinance is bad, in that it fixes a level tax for each year, although the ad valorem tax may vary from year to year.

Neither the constitutional amendment nor the statute passed pursuant to it requires any city or town to provide for taxation for municipal purposes on personal property based on income, licenses, or franchises. The municipal authorities are given the option to substitute for the ad valorem tax on personal property a tax based on income, licenses, or franchises. This option they may exercise or not in their discretion. The option to substitute the tax based on income, licenses, or franchises for the ad valorem tax on personal property necessarily carries with it the power to define the classes of property as to which the substitution is made; for such a substitution cannot be made as to all classes of personal property, as, for instance, the watch worn on one's person, household property, or the like. But there is nothing in the amendment to the Constitution repealing or impairing in any way the mandatory provision of section 171 of the Constitution that taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax. While the municipal legislature may under the amendment classify personal property and levy a tax ad valorem on some personal property and tax other personal property on the basis of income, licenses, or franchises, the tax must be uniform within the territorial limits of the authority levying the tax, and under the guise of substituting one method of assessment for another the burden which should fall upon all equally must not be shifted, so

as to throw upon some more of the common burden than their proper share. Of course, there must necessarily be some inequalities and some hardships when two systems of taxation are thus allowed. The law does not take into account these occasional cases. But, when the natural effect of the ordinance is to destroy that uniformity of taxation which is guaranteed by the Constitution, it cannot be enforced.

By the ordinance in question it will be observed that a sliding scale is made as to merchants and manufacturers, and that the tax decreases with the amount of the sales or manufactured product. In other words, the merchant or manufacturer of small means is made to pay a tax at a higher rate than the merchant or manufacturer of larger means. The Constitution allows no such discrimination. The rich and the poor must be taxed alike. There cannot be one rate for the large merchant and a different rate for his poor neighbor. For a number of years past the ad valorem tax rate in the City of Louisville has been in round numbers about $2 on the $100. A man with $10,000 of personal property, not a merchant or a manufacturer, would have to pay about $200 in taxes; but if a merchant or manufacturer turned over his capital two or three times a year, which is as much as may usually be expected, his taxes, under the ordinance would be from $70 to $95 a year. For a number of years past it has been difficult to secure investments of personal property which would pay 5 per cent. If a man had $10,000 invested in 5 per cent. securities, his income would be $500 a year, and out of this he would have to pay practically $200 for city taxes; but if a bank or trust company had the same investment, it, under the ordinance, would pay 5 per cent. of its income, or $25. The amendment to the Constitution does not authorize or contemplate that

the substitution of one system of taxation for the other shall in any wise affect the equality of burden which that instrument contemplates. The necessary effect of the ordinance before us is to relieve certain classes of property of their just share of the public burden, and place upon other classes of property, in addition to its proper share of the common burden, the additional burden of which the favored classes have been relieved. The city council may by ordinance provide for the taxation of personal property based on income, license, and franchises, provided the classes of property which are thus taxed are not favored and bear substantially the same part of the common burden as under the ad valorem system.

By the statute of the United States the national banks are not taxable by the states. The shares of stock may be taxed, but not at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the State. Under the statute of the United States no tax can be levied upon national banks, based upon income, licenses, or franchises. Only the shares of stock in the national banks may be taxed, but these cannot be taxed at a greater rate than is assessed upon the State banks and trust companies. If any tax is levied upon national banks under this ordinance, it may be successfully resisted; and if any tax is levied upon the shares of stock of a national bank upon an ad valorem assessment, while the State banks are taxed under this ordinance, the assessment would be held void, for the reason that there would be a discrimination in favor of the State banks and trust companies; for in that event the national banks, when they paid upon the value of their shares of stock, would be taxed at a much higher rate than the State banks and trust companies.

The ad valorem tax in the city varies from year to year. The purpose of the ordinance seems to be to make a permanent rate for the classes named, which is unaffected by the fact that the tax rate on other property may go up or down as the years go by. This cannot be done. The tax based upon income, licenses, or franchises is simply a substitute for the ad valorem tax, and must be levied yearly according to the ad valorem levy, and in such a way as to produce practical equality between all classes of property, whenever a new ad valorem ordinance is passed.

The council may properly apportion the franchise tax between the different objects for which taxes are levied in the same proportion as the ad valorem tax is divided, and may set apart to the school fund such a per cent. of the franchise tax as 33 per cent. of the ad valorem tax bears to the whole of it.

Judgment reversed, and cause remanded, with directions to the circuit court to overrule the demurrer to the petition and for further proceedings consistent herewith.