CASE 105.—PROCEEDINGS BY THE CITY OF PARIS AGAINST THE METROPOLITAN LIFE INSURANCE COMPANY FOR DOING BUSINESS IN SAID CITY WITHOUT PAYING A CITY LICENSE.—June 17, 1910.

## Metropolitan Life Ins. Co. v. City of Paris.

Appeal from Bourbon Circuit Court.

R. L. STOUT, Circuit Judge.

Defendant fined in the city court and appealed to the circuit court which rendered the same fine and in the appellate court the judgment is affirmed.

1. Licenses—Classification of Professions—Fees.—It is competent for the Legislature, by general laws for state purposes, and by general laws delegating the power to municipalities, to divide trades, occupations, and professions into classes, and to impose a different license fee upon each class that the trade, occupation, or profession may reasonably be divided into, and the classes may be divided into particular classes, if made according to natural and well-recognized lines of distinction.

2. Licenses—Classification of Professions—Fees—Test of Legality.—Where the classification of trades, occupations, and professions for the purposes of imposing a different license fee upon each class is based upon a genuine distinction, the courts shall not declare the classification void; the test being not the wisdom, but the good faith, of the classification.

3. Licenses—Ordinance Imposing Licenses—Classification of

vol. 138—51

Professions—Constitutionality.—An ordinance imposing an annual license upon companies writing industrial insurance of $100 and upon companies writing ordinary life insurance of $25 is not an arbitrary classification, but is based upon well-grounded distinctions, and does not violate the rule as to uniformity required by the Constitution.

EMMET M. DICKSON, WM. MARSHALL BULLITT & KEITH L. BULLITT for appellant.

JAS. M. O'BRIEN and WILLIAM GRANNAN for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

The license ordinance of the city of Paris imposes an annual license tax upon the conduct of life insurance companies, as follows: Upon companies writing industrial insurance, $100; upon companies writing ordinary life insurance, $25. The appellant, which is a life insurance company doing business upon the industrial plan, refused to pay the license tax of $100. Thereupon it was prosecuted for doing business without a license, and was fined in the police court. From a judgment therein entered an appeal was taken to the Bourbon circuit court, where a judgment for the same amount was rendered against appellant. From that judgment this appeal is prosecuted to determine the constitutionality of the ordinance imposing the license tax.

The rule in this state is that it is competent for the Legislature, by general laws for state purposes, as well as by general laws delegating the power to municipalities, to divide trades, occupations, and professions into classes, and to impose a different license fee upon each class that the trade, occupation, or profession may fairly and reasonably be divided into. Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky.

Law Rep. 748, 15 L. R. A. (N. S.) 195; City of Louis-
ville v. Sagalowski, 124 S. W. 339; Schuster, etc., v.
City of Louisville, 124 Ky. 189, 89 S. W. 689, 28 Ky.
Law Rep. 588; Brown-Foreman Co. v. Common-
wealth, 125 Ky. 402, 101 S. W. 321, 30 Ky. Law Rep.
793; Strater Bros. v. Commonwealth, 117 Ky. 604, 78
S. W. 871, 25 Ky. Law Rep. 1717.

It is also the rule that a class may be subdivided
into particular classes, just so the subclassification is
made according to natural and well-recognized lines
of distinction. Thus in the case of Fulton Gordon et
al. v. City of Louisville (opinion rendered May 26,
1910) 128 S. W. 327, 138 Ky. 442, this court held that
brokers formed a class, but that this class could
be subdivided on the basis of the character of
the particular business done. Thus one li-
cense fee might be imposed upon the real estate
brokers; another upon bond and stock brokers; an-
other upon merchandise brokers.

The license fee in the present case is based upon
the character of the business done. There is a well-
recognized distinction between life insurance done on
the ordinary plan and that done on the industrial
plan. The Legislature of the state has recognized
this distinction. Industrial insurance is taken out in
smaller amounts, the premium is larger, and is pay-
able weekly, instead of quarterly, semi-annually, or
annually. Furthermore, where one agent looks after
the collection of an insurance company doing busi-
ness on the ordinary plan, there are several engaged
in the work of collecting for an industrial company.
Instead of collecting at their offices, they visit the
homes of the insured or the homes where the insured
are at work, and make their collections there. Here,
then, we have a case based upon a genuine distinction;

and the rule is that, if the distinction is genuine, the court should not declare the classification void. The test in such cases is not the wisdom, but the good faith, of the classification. Knisely v. Cotterel, 196 Pa. 614, 46 Atl. 861, 50 L. R. A. 90.

Being of the opinion that the classification in question is not arbit: ary, but is based upon well-grounded distinctions, we ιonclude that the ordinance in question does not viclate the rule as to uniformity required by the Coustitution.

Judgment affirmed.