## Greene, Auditor, et al. v. Wolf, Judge of the Campbell Circuit Court.

(Decided April 17, 1917.)

### Appeal from Campbell Circuit Court.

1. Prohibition—Discretion as to Grant of Writ.—The Court of Appeals has jurisdiction to prohibit, by original proceedings, an inferior court from proceeding beyond its jurisdiction.

2. Insane Persons—Pauper Idiots—Inquests—Jurisdiction of Courts.— The courts of this state having jurisdiction to hold inquisitions over pauper idiots have no authority in their judgments to proceed further than to find the person in charge an idiot, and to fix the statutory allowance for his committee, but not to direct the Auditor of Public Accounts to pay to such committee the allowance, and if the judgment should attempt to do so, that part of it so attempting is void, and a rule issued against the auditor to show cause why he has not made the payment would also be void.

3. Insane Persons—Pauper Idiots—Allowance to—Payment to Committee.—The Auditor of Public Accounts is not authorized to pay an allowance to a pauper idiot, except to his duly appointed committee, and then only after such committee has qualified and executed bond as required by section 2149 of the statute.

4. Courts—Claims Against State—Jurisdiction.—While the Franklin Circuit Court, under subsection 2 of section 340a of the Kentucky Statutes, has only concurrent jurisdiction in regard to the allowance of or adjudging claims against the state, with other courts of similar jurisdiction throughout the state, it has exclusive jurisdiction, under subsection 1 of that section, in proceedings to compel the auditor to pay the claim.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for petitioners.

BARBOUR & BASSMAN for respondent.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining motion and granting permanent writ of prohibition.

The petitioner, Robert L. Greene, Auditor of Public Accounts for the Commonwealth of Kentucky, by this

original proceeding filed in this court, is seeking to permanently prohibit the respondent, Otto Wolf, judge of the Campbell circuit court, from taking any steps to enforce or to proceed further under a rule which respondent as such judge issued against the Auditor to show cause why the latter refused to comply with an order made by respondent on the 20th day of February, 1917, in the inquest proceedings pending before him of Commonwealth of Kentucky v. John Springer. Before the date mentioned John Springer had been duly adjudged a pauper idiot in the Campbell circuit court, and on February 20, 1917, the court appointed the mother of the idiot, Ann Springer, committee of his person and made an allowance to the idiot of $75.00 per year, and also directed in the order that the petitioner, Greene, as Auditor of Public Accounts, draw his warrant upon the treasury, payable to such committee of the person of the idiot for the amount allowed by the order.

On the presentation to the Auditor of the inquest proceedings in the Campbell circuit court, he declined to issue his warrant for the amount allowed, or any part thereof, upon the ground that the committee appointed by the circuit court had not executed bond as required by section 2149 of the Kentucky Statutes. Whereupon, the respondent issued the rule mentioned, and claiming that his act in doing so was beyond his jurisdiction, this proceeding was instituted in this court.

A special demurrer was filed to the petition, which we suppose was prompted by the belief that this court was without jurisdiction to grant the relief sought; but we have been furnished with no authorities in support of that position. On the contrary, if respondent exceeded his jurisdiction in issuing the rule, as is claimed, section 110 of the constitution, and section 479 of the Civil Code expressly authorize this character of proceeding, which has been continuously and universally upheld by this court, as will be seen from the cases cited under the section referred to, and the more recent cases of Equitable Life Assurance Society v. Hardin, 166 Ky. 51; Speckert v. Ray, idem. 622, and Com. v. Davis, 169 Ky. 650. The special demurrer, therefore, is overruled.

A general demurrer was also filed, and respondent rests his case upon the ruling of the court on that demurrer. This raises three questions, which are, (1) whether respondent as circuit judge had jurisdiction to incorporate into his order making the allowance to the

pauper idiot the direction that same should be paid by the petitioner, Auditor of Public Accounts; (2) if he had such authority, has the court over which he presides jurisdiction to compel the Auditor to comply with the order by issuing his warrant upon the treasury? And (3) whether the Auditor is authorized to issue his warrant for the amount allowed in favor of the committee *of the person* of the idiot only, when such committee has not complied with section 2149 of the statutes by executing the bond therein required.

As to the first point raised, section 364 of the statutes fixes the allowance to a pauper idiot at the sum of $75 00 per annum, no more or less, and directs that it shall be paid out of the treasury to the duly appointed and qualified committee. Section 2159 requires that the judgment upon inquisition shall only find and adjudge the facts as to whether the person on trial is or not an idiot, and section 2165 provides that the allowance fixed by the statute (364) shall be incorporated in the judgment and certified to the Auditor for payment, but neither of the sections referred to, nor any other section of the statutes, empowers the court holding the inquisition to direct, or in any manner require, the Auditor to make the payment allowed and certified. It would seem to follow, then, that when the order made by the respondent in the case under consideration attempted to direct the Auditor to pay the allowance made, such act on his part was *coram non judiae*, and therefore void. It would necessarily follow that if the order upon which the rule was issued is void, that the rule itself is void.

Considering the second question raised, it may be sub-divided into (a) whether the Campbell circuit court, or any other court in the Commonwealth, other than the Franklin circuit court, has jurisdiction in any character of proceeding against the Auditor to *compel* payment of claims against the treasury, and (b) if the Campbell circuit court has such jurisdiction, may it proceed to enforce its order by rule, as it attempted to do in this case? Considering the first sub-division, sub-section 1 of section 340a, is as follows:

"That the order of any of the courts of this Commonwealth now authorized by law to approve and allow the fee-bills, settlements, credits, charges, and claims against the treasury of any of the officers of the Commonwealth, or of other persons having claims against the treasury, shall only be regarded as *prima facie* evidence

of the correctness and legality of such fee-bill, settlement, credit, charge, or claim; and such order shall in no case be treated as a judgment, or be made conclusive against the state; but the Auditor, if he believe such fee-bill, settlement, credit, charge, or claim is fraudulent, erroneous, or illegal, may, with the advice of the Attorney General, refuse to pay, and may contest the same in the Franklin circuit court, which said court shall have jurisdiction of all suits or proceedings against the Auditor to compel the payment of claims against the treasury.''

From this section it will be seen that the order making the allowance in the instant case is only *prima facie* correct, and its legality may be inquired into by the Auditor, as same is not conclusive against him as the representative of the state in directing the claim to be paid by the Treasurer; furthermore, the section gives the Franklin circuit court "jurisdiction of all suits or proceedings against the Auditor to *compel* the payment of claims against the treasury." It is contended, however, that this section does not, in express terms, give the Franklin circuit court *exclusive* jurisdiction of such matters; but when we look at the purpose of the section we have but little difficulty in concluding that it was the intent of the legislature to confer exclusive jurisdiction upon the Franklin circuit court in all proceedings against the Auditor to *compel* him to issue his warrant against the treasury. If this were not true, circuit courts throughout the state could proceed, in one way or another, against the Auditor to compel him to issue warrants upon the treasury at any and all times, and thus force him to travel to remote parts of the state to respond to or defend such proceedings, and in many instances (as in the character of case now under consideration) county courts could do likewise, and thus the state be deprived of the services of the Auditor entirely, to say nothing of the expense incurred by him, which, in probable contingencies, might exceed the salary allowed him. Such consequences were never intended. He is required to keep his office at the seat of government of the state, where he is presumed to remain, and where he may be readily found, and can, with the least inconvenience, perform such services in watching after and protecting the treasury from unjust claims, for which his office, in a large measure at least, was created. If he should see proper to contest a claim against the treasury under the authority vested in him by sub-section 1 of section 340a, *supra,* howsoever

small or insignificant it might be, if the court making the allowance should have jurisdiction to compel him to issue a warrant for the amount, he would necessarily be also compelled, in many instances, to pay the claim without question rather than contest it at such heavy expense of both time and money. The state would thus lose the benefit of his watchfulness, judgment and care in protecting its treasury, and we are convinced that to prevent such consequences the section conferring jurisdiction upon the Franklin circuit court was meant to confer upon that court *exclusive* jurisdiction of such matters.

What we have said relative to the time, expense and annoyance that would be exacted of the Auditor in resisting suits or proceedings in the various courts of the state to compel him to draw his warrant upon the treasury applies with equal force to the legal department of the state, because by both sub-sections 1 and 3 of the section, *supra*, it is the duty of the Attorney General to represent the Auditor in such matters.

The construction which we have reached is rendered the more certain when we look at the words and provisions of sub-section 2 of section 340a. It will there be seen that the Franklin circuit court is given *concurrent* jurisdiction with courts of similar jurisdiction throughout the state in certain cases therein enumerated, for the purpose of fixing the status of claims against the treasury, which, when so fixed, will create the *"prima facie* evidence of their correctness and legality'' for the guidance of the Auditor, as is provided by sub-section 1 of the section, *supra*. A proceeding, whether by rule, action or otherwise, to *compel* the Auditor to pay claims against the treasury, is nowhere included in sub-section 2, nor are any of the matters contained in this sub-section included in sub-section 1. There are but two kinds of venue jurisdiction, exclusive and concurrent. It is clearly manifest that the legislature intended to confer a different jurisdiction upon the Franklin circuit court by sub-section 2 from that conferred by sub-section 1. Since the only jurisdiction as contradistinguished from concurrent jurisdiction is exclusive jurisdiction, it follows that the kind mentioned in sub-section 1 of section 340a must necessarily be exclusive.

As to the third question raised, it is really not properly presented for our determination. Whether the committee shall be required to execute bond before the Auditor shall issue his warrant upon the treasury is a ques-

tion going to the merits of the defense of the Auditor in refusing to issue the warrant, and has nothing to do with the one of jurisdiction of the respondent in this case to take the action sought to be prevented. It is earnestly-urged upon us, however, that we pass upon that question, and we have concluded to say that it is perfectly manifest that before the Auditor is authorized to recognize the claims of the committee of the pauper idiot, such committee must have executed bond as required by the section of the statute, *supra.*

Wherefore, the motion for the writ is sustained, and the respondent is permanently prohibited from proceeding in any manner under the rule which he issued against the Auditor and petitioner, and is ordered and directed to dismiss the rule absolutely.