## Western Oil Refining Company v. Wells, County Judge, et al.

(Decided March 19, 1918.)

### Application for Writ of Prohibition.

1. Prohibition—Appeal and Error—Jurisdiction — Inferior Courts. — The Court of Appeals is primarily a court of appellate jurisdic-

tion, having only such original jurisdiction as may be necessary to carry out the purposes and intentions of the makers of the Constitution, as set forth in section 110 of that instrument, and when the inferior court sought to be prohibited by an original proceeding filed in this court has jurisdiction of the subject matter of the suit and of the parties, it will not be prohibited from proceeding by a prohibitive writ from this court in any case where there is an adequate remedy afforded the plaintiff in the prohibition proceeding by appeal or otherwise; and when the court or officer sought to be prohibited is inferior to the circuit court, and is acting or threatening to act without jurisdiction, this court will not entertain an original proceeding against such officer or inferior court, since he has a remedy by an application to the circuit court, as afforded by section 25 of the Criminal Code of Practice.

2.  Prohibition—Prohibition Upon County Judge — Discretion. — A county judge as the presiding officer of the county court will not be prohibited by this court through an original proceeding filed before it from trying an offense, the minimum fine for which is $20.00, and over which it has jurisdiction, since its discretion may not be controlled by such writ, and further that there exists adequate remedy by appeal to the circuit court from the judgment inflicting the fine.

W. S. SMITH and LESLIE W. MORRIS for plaintiff.

H. A. BIRKHEAD for defendants.

OPINION OF THE COURT BY JUDGE CLARKE—Denying the application for writ of prohibition and dismissing the petition.

This is an original proceeding filed in this court seeking a writ of prohibition to prevent the defendants, C. W. Wells, county judge of Daviess county, from trying, and H. A. Birkhead, county attorney, from prosecuting, the plaintiff for the offense of selling to merchants in this state twenty-six barrels of oil without first having the oil inspected, and the barrels containing it branded or marked by the inspector, as is required by the provisions of section 2202 of the Kentucky Statutes, the penalty for the violation of which is prescribed by section 2208 of the same statutes.

It is alleged in the petition that the plaintiff has been arraigned before the defendant Wells as county judge of Daviess county on 26 warrants for an alleged sale of 26 barrels of oil without their having been inspected as required by the statute, and that unless the writ issues the defendant Wells constituting the court, and the defen-

dant Birkhead as the prosecuting officer, will proceed to try the warrants, and that plaintiff is not guilty because the sale of the oil was not effected in Kentucky, and the transaction therefore does not come within the purview of the statute.

The denial of the sales having been effected in Kentucky is based upon the fact that plaintiff is a foreign corporation engaged in the handling of oil, and is located and has its place of business in Indianapolis, Indiana; that the sales complained of were transacted through drummers or traveling soliciting agents in the employ of plaintiff who took orders for the oil from the merchants to whom it was afterward shipped, which orders were sent to the office of plaintiff at Indianapolis for acceptance or rejection, and that if accepted, which was done in each of the cases complained of, the oil was shipped by common carrier to the merchant who ordered it f. o. b. car at Indianapolis; that after the oil was loaded into the car at the latter place plaintiff had no further interest in it, and that the carrier was constituted the agent of the purchaser to transport the oil to the place of consignment.

Defendants having filed no pleading except a demurrer to the petition, requires us to accept as true the facts alleged therein.

It further appears in the petition (of which fact we would take judicial knowledge without such allegation) that the penalty for the offense charged is a fine of $20.00 for each barrel of oil illegally sold. The allegation is also made that the county court of Daviess county is without jurisdiction to try the offenses with which plaintiff is charged, but no force can be given to this averment since other parts of the petition, as well as facts within the judicial knowledge of the court, conclusively show that the county court has jurisdiction of the offense.

Subsection 5 of section 13 of the Criminal Code confers upon courts of a justice of the peace jurisdiction concurrent with city and police courts of prosecutions for offenses the punishment of which is limited to a fine of not exceeding $10.00, and concurrent jurisdiction with circuit courts in prosecutions for offenses the punishment of which is limited to a fine of $100.00 or imprisonment not exceeding fifty days, or both such fine and imprisonment. Subsection 6 of the same section confers the same jurisdiction on judges of the county courts as subsection

5 confers upon a justice of the peace. It is therefore manifest that the county court of Daviess county over which the defendant Wells presides has jurisdiction to try the offenses here involved, since the fine is $20.00, no more, no less.

If it should be admitted, as is insisted for the plaintiff, that the transactions here involved did not constitute a sale of the oil in Kentucky, and that they constituted and were transactions in interstate commerce (questions which are not necessary to here determine) it would not follow that the county court of Daviess county was without jurisdiction to try the prosecutions, because if such facts constitute a defense, and the court has jurisdiction to try the offense, it would necessarily be a part of its duty in the exercise of its jurisdiction to give the plaintiff here (defendant in the warrants) the benefit of that defense. In other words, if that court has jurisdiction of the offense entitling it to hear and try the prosecution, it has jurisdiction to hear and try all questions which might lawfully be raised and presented both by the Commonwealth and the defendant. It is not even alleged in the petition that the defendant Wells as judge of the county court of Daviess county was threatening to or would decide any question adverse to the plaintiff here upon a trial under the warrants, although this would add nothing to the plaintiff's case if the allegation had been made. This court in many recent cases has had before it for consideration the question of its supervisory power as conferred by section 110 of the constitution, and in every case where presented it has been held that the jurisdiction conferred by that section would not be exercised through the medium of the writ of prohibition unless (1) the court sought to be prohibited was proceeding or about to proceed in a matter over which it had no jurisdiction; or (2) if it did have jurisdiction that the action about to be taken would result in great injustice to the plaintiff in the prohibition proceeding, and great or irreparable injury to him, and that he had no other remedy by appeal or otherwise. Board of Prison Commissioners v. Crumbaugh, 161 Ky. 540; Ohio River Contract Co. v. Gordon, 170 Ky. 412; Greene, Auditor v. Wolfe, 175 Ky. 58; Cohen v. Webb, *idem* 1; Rallihan v. Gordon, 176 Ky. 471, and Board of Commissioners v. Crumbaugh, *idem,* 720.

In the first Crumbaugh case this court in discussing its power under the section of the constitution, *supra,* said:

"Under section 110 of the constitution this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdiction, and it is well settled that a writ of prohibition may issue in a case like this whenever the inferior court is proceeding out of its jurisdiction, or where it has jurisdiction, but an appeal will not furnish an adequate remedy or there is no other remedy. (Clark v. Warner, 116 Ky. 801; Renshaw v. Cook, 129 Ky. 347; Rush v. Denhart, 138 Ky. 238; I. C. R. R. Co. v. Rice, 154 Ky. 198)." In the Ohio River Contract case, considering the same question, the views of the court are thus expressed:

"In no instance has a writ of prohibition been allowed against a court proceeding out of its jurisdiction or erroneously within its jurisdiction when any other adequate remedy for the threatened wrong existed, which was adequate. If the right of appeal exists and it is an adequate remedy, the complaining party must be relegated to his remedy through appeal. A review of all the cases decided by this court upon application for writs of prohibition under section 110, *supra,* sustains the view, that the writ is granted as a matter of sound discretion, determined by the facts of the particular case, which must present an exceptional or unusual state of facts, which make it apparent that an injury or violation of one's rights is threatened, and against the results of which he has no adequate remedy, other than the writ of prohibition. Weaver v. Toney, Judge, 107 Ky. 419; L. & N. R. R. Co. v. Miller, 112 Ky. 464; Campbellsville Telephone Co. v. Patterson, 114 Ky. 52; Jenkins v. Berry, 119 Ky. 350;; Dupoyster v. Clarke, 121 Ky. 694; Renshaw v. Cook, 129 Ky. 347; Rush v. Denhardt, 138 Ky. 238; I. C. R. R. Co. v. Rice, 154 Ky. 198; Equitable Life Assurance Society v. Hardin, 166 Ky. 51; Louisville Public Warehouse Co. v. Miller, etc., 26 R. 351; Fish v. Benton, 138 Ky. 644; White v. Kirby, 147 Ky. 496; Montgomery v. Viers, 130 Ky. 694; Commonwealth v. Peter, 136 Ky. 689; McGee's Ex'r v. Weissenger, 147 Ky. 321; Morgan v. Clements, 153 Ky. 33. The case of Smith v. Davis, 170 Ky. 379, is not inconsistent with the view herein expressed, since the writ was asked to restrain the circuit court in an action for divorce wherein no appeal would lie."

In that case many others from this court are referred to and it is clearly shown that if the court sought to be prohibited has jurisdiction, and the one seeking the writ has a remedy, by appeal or otherwise, for the correction of any erroneous judgment that might be rendered this court will not interfere by issuing the writ, but, on the other hand, if the court sought to be prohibited has jurisdiction, if there exists no other remedy to correct any erroneous judgment which it might render, and great and irreparable injury would thereby result, this court upon proper application and in the exercise of a sound discretion will grant relief. But it is the first part of the preceding statement that is now presented to us, since we have seen that the defendant as county judge of Daviess county court has jurisdiction of the offenses with which plaintiff is charged, and section 362 of the Criminal Code confers upon it the right of appeal from any judgment which might be rendered against it imposing a fine of $20.00, which is the only penalty that can be legally imposed under the statute. Under the doctrine as announced by this court in the cases, *supra,* we are without authority to issue the writ of prohibition sought by this proceeding, since the remedy by appeal from the county to the circuit court furnishes plaintiff an ample and adequate remedy for the correction of any errors which may be committed by the county court. Moreover, if the defendant Wells as judge of the Daviess county court was proceeding or threatening to proceed in the matters complained of without jurisdiction, it would not follow that the writ prayed for should be issued by *this* court, for in that case the circuit court of the county, under the provisions of section 25 of the Criminal Code of Practice, could itself prohibit and restrain the defendant here from proceeding to exercise a jurisdiction which he did not as county judge possess. Necessarily this court was not created primarily as one of original jurisdiction, its chief function being to exercise appellate jurisdiction. Its original jurisdiction was given it so that it might exercise a supervisory control over inferior tribunals to the end that the rights of litigants might be preserved and justice administered. It is only when cases come clearly within the powers conferred and the objects intended to be accomplished under the provisions of section 110 of the constitution that original jurisdiction will be assumed. As long as there are inferior courts vested with the power to afford the

same relief which is sought by an original application in this court, no such relief will be granted here. So that in no aspect of the case do we find that plaintiff is entitled to the writ which it seeks, and the motion is therefore denied and the petition dismissed.