## Dowdy v. City of Covington et al.

(Decided February 6, 1931.)

BLAKLEY & MURPHY for appellant.

RALPH RICH for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The legislative department of the city of Covington on August 18, 1915, enacted an ordinance, No. 340, the title to which is in this language: "An ordinance providing for the registration of change of address of residents of the city of Covington, Kentucky." The first section of the ordinance says: "That it shall be unlawful for any person or persons, firm, or corporation, owning or operating any moving van, furniture car, transfer wagon, express wagon, delivery wagon, or any other vehicle, to haul or move any article of household goods, trunk, chattles, or personal property or effects in the possession, custody, or control of any residents of the city of Covington, in connection with the changing of the place of his or her or their residence, until there has been recorded in a book to be kept for that purpose by such person or persons, firm, or corporation, the full name of the owner or persons in possession, custody, or control of such household goods, trunks, chattels, or personal property or effects, together with the address of the place from which and to which such hauling or moving is to be done, giving the date thereof and the name of the owner or person in charge of such vehicle."

The second section prescribes that those engaged in the moving business, as specified in section 1, shall on Monday of each week file in the office of the commissioner of public safety a correct statement covering all moving transactions by them for the past week, and which statement shall remain in that office as a public record for public inspection. Section 3 requires that the persons who are moved from one place to another give to the mover truthful information touching the matters prescribed in section 1 of the ordinance, and section 4 prescribes a fine of not less than five, nor more than thirty, dollars for each violation of the ordinance by the mover or those whom they move.

Appellant and plaintiff below, M. A. Dowdy, is a resident in the city of Covington, and engaged in operating vehicles for moving people, and he filed this declara-

tory judgment action in the Kenton circuit court against the city of Covington, its police judge, and its prosecuting attorney seeking a declaration of the rights of the parties under the facts alleged therein, and contending that the ordinance was invalid upon two grounds, which in substance are: (1) That its title was insufficient under a provision contained in section 3059 of our present statutes, and which is a part of the charter of cities of the second class, to which Covington belongs, saying: "No ordinance shall embrace more than one subject, and that shall be expressed in the title;" and (2) that there are many nonresident persons who are engaged in moving inhabitants of Covington from one place to another, and who, because of such nonresidence, do not pay a license tax, and that the officials of the city of Covington have construed the involved ordinance as not applying to them, and, because of such erroneous construction, the actual operation of the ordinance on plaintiff, who is a resident of the city, and who does pay a license, and is required to comply with the requirements of the ordinance, is discriminatory, and deprives him of the equal protection of the law, a right guaranteed by both our federal and state Constitutions.

It was further alleged in support of this ground that the persons who were moved were usually reluctant to divulge the information required by the ordinance, and because of which they sought the services of those who were so favored by the erroneous interpretation referred to, and to whom the ordinance was held not to apply, and because of which plaintiff was being deprived of business and his property taken without due process of law. It was further averred that an actual controversy existed between the parties as to the validity of the ordinance, and plaintiff prayed the judgment of the court as to its validity, and that it, for the reason stated, be declared to be illegal, and that defendants be prohibited from enforcing it. Defendants demurred to the petition, which the court sustained, and plaintiff declined to plead further, and it was dismissed, followed by this appeal therefrom.

The objection to the ordinance embodied in ground 1 is, in effect, the same as that arising under section 51 of our Constitution as applicable to statutes enacted by the General Assembly, and which has been before this court in an almost unlimited list of cases. We do not feel, however, that it is necessary or essential in this

case to cite any of such numerous list of cases, since they all indorse the construction that, if the title covers the subject-matter of the ordinance and the ultimate require- ments of the contents of the latter is in accord with it and the dominant feature of the ordinance with only the prescribing of means to the attainment of the declared purpose in the title, then in each of such cases the con- stitutional requirement as to the enactment of statutes and charter requirements as to the enactment of ordi- nances are complied with. In other words, the univer- sally declared rule is that, if the contents of the ordi- nance is germane to the accomplishment of the purpose of the subject stated in the title, then such requirements are not violated. In this case the subject of the ordi- nance, as stated in the title, is the making of provisions for the registration of changes in the location of resi- dences of the inhabitants of the city. The ordinance selects as its agents for making such registration those who engage in moving inhabitants in the city from one place to another, either in or out of it. Every law must have means and agencies through and by which its pur- poses are to be accomplished, and it is not a violation of such requirements now being considered for the enacted law to designate in its body such means and agencies without indicating them in the title of the enacted law. To more completely accomplish the purpose of the con- tested ordinance, it was enacted in its third section that those who were being moved should give to the mover accurate and correct information, and that requirement is also, as we conclude, but a proper means to insure the accomplishment of the purpose of the ordinance, and is germane to its general subject, and is not required to be stated in its title. It results, therefore, that ground 1 is without merit, and should be, and it is, denied.

In support of ground 2, it is not argued that the city is without authority to enact such an ordinance if not discriminatory, nor is it contended that it, as enacted, is discriminatory on its face or in its terms; but that the discrimination and vice consists in its enforcement against only resident movers who are required to pay an occupational license tax, and exonerates from its operation nonresident movers who do not pay such a tax, and for which reason the entire ordinance should be declared invalid as coming within the doctrine of numer- ous cited cases from both the federal and state courts, chief among which are: Yick Wo v. Hopkins, 118 U. S.

356, 6 S. Ct. 1064, 30 L. Ed. 220; Holden v. Hardy, 169 U. S. 366, 398, 18 S. Ct. 383, 42 L. Ed. 780; and Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169. The doctrine of those cases is universally recognized as sound; but it is our conclusion that learned counsel for plaintiff is mistakingly attempting to make a wrong application of it to the facts alleged in the petition herein. It is not averred therein that the enforcement officers of the city of Covington are "persistently and systematically" attempting to enforce the ordinance unequally and with the intention and purpose to unwarrantedly burden plaintiff and others similarly situated and to favor nonresident movers. The most that the petition avers is, that they have erroneously construed and interpreted the ordinance as not applying to nonresident movers. But, we repeat, the petition contains no averment of any intended purpose to indulge in any such favoritism or discrimination. This court, in the case of Weyman v. City of Newport, 153 Ky. 487, 156 S. W. 109, announced its interpretation of the doctrine of the Yick Wo case, and other like ones, as applying to only such intentional purpose on the part of the enforcement officers, and held that the doctrine would not operate to defeat a statute or an ordinance in its entirety, in the absence of such intentional purpose, and for which reason, we conclude, that ground 2 as set forth in the petition did not authorize the court to nullify the ordinance in its entirety.

However, as we have seen, this proceeding is one under the Declaratory Judgment act (Civil Code of Practice, secs. 639a-1 to 639a-12), wherein the petition averred that it was "the purpose of this suit to have the court make a declaration of the rights of the parties hereto." That being true, it was the duty of the court to adjudge the rights of the parties, and which involved an interpretation of the ordinance as a part of the declaration of the court under such a proceeding. Since, therefore, the purpose of the ordinance was to obtain a registration of those moving from one place in the city to another, or to a place entirely out of it, and to provide for the making and preserving of a record thereof, and there being no language in it excluding from its operation nonresident movers, it should apply to all parties engaged in moving inhabitants of the city, whether residents or nonresidents, and which, it will be seen, is contrary to the pleaded interpretation by the enforcement

officers of the city of Covington. We, therefore, conclude that it was the duty of the court to overrule the demurrer to the petition and upon the facts therein averred, if admitted, to render a judgment as herein indicated. If after such adjudged interpretation the city authorities should persist in their discriminatory enforcement, the occasion for an insistence upon the application of the doctrine of the Yick Wo case, and others relied on, would arise, if it should further be adjudged that nonresident movers could not be excluded from its operation.

Wherefore the judgment is reversed for proceedings consistent herewith.