## Williams v. City of Bowling Green et al.

(Decided April 24, 1934.)

12

RODES K. MYERS, for appellant.
GEORGE W. MEUTH and LAURENCE B. FINN, for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

By an ordinance approved February 18, 1931, the common council of the city of Bowling Green amended section 213, subsection .53, of the 1929 Bowling Green City Code, so as to read as follows:

"To operate a. cleaning and dyeing plant, or either, of clothes and other materials, $25.00.

"To engage in or solicit the business of cleaning and dyeing, or either, of clothes or other materials without the operation of a plant in the city, $200.00."

W. M. Williams brought this suit to enjoin the enforcement of the ordinance on the ground that it is discriminatory, and does not specify the purpose for which the tax is levied. The stipulated facts are: There are persons operating cleaning and dyeing plants in Bowling Green who pay a license tax of $25. Williams does not operate a plant in the city, but has contracted with a dry cleaning establishment located outside the city to do the work for him. He solicits and obtains business from citizens and residents of the city, assembles the clothes and other materials at a store which he has rented for the purpose, transports them in his own vehicle to a plant at Nashville, Tenn., where the dry cleaning work is done, and then delivers them to his customers. For engaging in this business he is required to pay a license tax of $200. From a judgment upholding the validity of the tax, and dismissing the petition, Williams appeals.

There is no provision of our Constitution that fixes a different standard from that prescribed by the equal protection clause of the Fourteenth Amendment to the Federal Constitution. Under sections 181 and 181a of the Constitution the General Assembly may by general laws only provide for the payment of license fees on franchises, trades, occupations, and professions for state purposes, and may also by general laws delegate the power to municipal corporations to impose and collect the same kind of taxes for municipal purposes, and the power thus delegated is as broad and far-reaching as when exercised by general laws for state purposes. From the very beginning we have upheld the power of the General Assembly and all municipalities, not only to classify different trades and occupations for taxation purposes, but to subdivide the classes into particular classes, if made according to natural and well-recognized lines of distinction. Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A. (N. S.) 195, 129 Am. St. Rep. 238; Metropolitan Life Ins. Co. v. City of Paris, 138 Ky. 801, 129 S. W. 112. Whether a particular classification offends or does not offend the equal protection clause of the Fourteenth Amendment has been the subject of numerous decisions by the United

States Supreme Court. The principles established by those decisions are in brief as follows: The restriction imposed by the Fourteenth Amendment does not compel the adoption of an iron rule of equal taxation, nor prevent a variety or differences in taxation, or discretion in the selection of subjects or the classification for taxation for properties, businesses, callings, or occupations. The fact that a statute discriminates in favor of certain classes does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, or if any state of facts reasonably can be conceived to sustain it. A classification adopted by a Legislature in imposing occupation taxes will be held constitutional if there are substantial differences between the occupations separately classified, and such differences need not be great. Differences in organization, management, and type of business transacted are sometimes sufficient to justify the classification. State Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464. In conformity with these rules it was held in American Sugar Ref. Co. v. Louisiana, 179 U. S. 89, 21 S. Ct. 43, 45 L. Ed. 102, that a license tax imposed upon persons and corporations carrying on the business of refining sugar and molasses, which excepted planters and farmers grinding and refining their own sugar and molasses, did not work an unconstitutional discrimination. In W. W. Cargill Co. v. Minnesota, 180 U. S. 452, 21 S. Ct. 423, 45 L. Ed. 619, a state statute requiring the proprietors of warehouses situated on the right of way of a railroad to secure a license from a state commission, but containing no such requirement as to warehouses not so situated, was held valid. In Quong Wing v. Kirkendall, 223 U. S. 59, 32 S. Ct. 192, 56 L. Ed. 350, a statute of Montana imposing a license fee on hand laundries was held not to constitute a denial of the equal protection of the laws, although it did not apply to steam laundries and exempted from its operation laundries not employing more than two women. In Singer Sewing Mach. Co. v. Brickell, 233 U. S. 304, 34 S. Ct. 493, 497, 58 L. Ed. 974, there was involved the validity of a statute of Alabama, imposing an annual tax upon the business of selling and delivering sewing machines, with an additional tax for each wagon or team used in delivering or displaying the same, but exempting merchants selling sewing machines at their regularly established places of business. The Singer Com-

pany, a foreign corporation, engaged both in selling sewing machines at its regularly established places of business, and in selling them by traveling salesmen, attacked the statute on the ground of arbitrary discrimination. In sustaining the tax the court said:

"But there is an evident difference, in the mode of doing business between the local tradesman and the itinerant dealer, and we are unable to say that the distinction made between them for purposes of taxation is arbitrarily made. In such matters the states necessarily enjoy a wide range of discretion, and it would require a clear case to justify the courts in striking down a law that is uniformily applicable to all persons pursuing a given occupation, on the ground that persons engaged in other occupations more or less like it ought to be similarly taxed."

In Rast v. Van Deman & Lewis Co., 240 U. S. 342, 36 S. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455, a statute imposing an additional occupation tax on those who issue coupons was upheld on the ground that the difference between the two kinds of business was pronounced.

Appellant presses the point that after all he and the operators of local plants are engaged in precisely the same kind of business, that of cleaning and dyeing. But is that true? Those who operate plants in the city actually do the work of cleaning and dyeing. Appellant owns no plant and the work of cleaning and dyeing is not done by him, but by another. His work consists solely of soliciting, assembling the clothing and other materials at his office, transporting them to the plant at Nashville, where the work is done, and then delivering them to his customers. The difference between the two classes of work is not one of mere degree. In the essentials of the occupation there is a difference in method, if not in kind. Surely if the difference between a business using coupons and one not using them, or the difference between selling sewing machines at established places of business, and selling them by means of wagons, or the difference between a hand laundry and a steam laundry, is sufficient to sustain a different occupation tax, no sound reason is perceived why the difference between the actual business of cleaning and dyeing in a local plant and the business of soliciting trade

and having the real work done by another outside the city is not likewise sufficient. We are therefore constrained to hold that the classification made by the ordinance is not arbitrary and unreasonable.

The ordinance is also attacked on the ground that it does not specify the purpose for which the tax was levied as required by section 180 of the Constitution and section 3290-12, subsection 12, Kentucky Statutes. Such is the requirement of the Constitution and the statute, and a failure to comply therewith renders the levy void. City of Somerset v. Somerset Banking Company, 109 Ky. 549, 60 S. W. 5, 22 Ky. Law Rep. 1129. While it is true that the particular ordinance under consideration does not specify the purpose for which the tax is levied, it must not be overlooked that it is an amendment to a particular subsection of a particular section of the City Code, and is not a separate and distinct ordinance. It is customary for cities to have a general license ordinance containing a provision specifying the purpose for which all the taxes are levied, and where that is the case it is not necessary for any subsection or section of the ordinance dealing with a particular trade or occupation to specify the purpose for which the tax therein imposed is levied. Where a subsection of the general license ordinance is amended, the amendment takes the place of and becomes a part of the general ordinance. Where that is the case it is not sufficient to allege and show that the amendment does not meet the requirement of the Constitution and the statute, but he who attacks the ordinance must go further and allege and show that the general ordinance, of which it has become a part, does not specify the purposes for which the license taxes therein imposed are levied. This appellant failed to do, and the court did not err in sustaining the ordinance against the objection that it did not specify the purpose for which the tax was levied.

Judgment affirmed.