## City of Bowling Green v. Milliken, Police Judge.

(Decided Dec. 21, 1934.)

LAURENCE B. FINN and J. FRANK DENTON for petitioner.

STOUT & HERDMAN and G. D. MILLIKEN, Jr., for respondent.

OPINION BY CHIEF JUSTICE REES—Denying writ of prohibition.

The board of councilmen of the city of Bowling Green, a city of the third class with a population of approximately fifteen thousand, adopted an ordinance on November 8, 1933, requiring all owners and occupants of buildings situated upon lots abutting upon any street or alley in which there is established a sewer line, which is a part of the sanitary sewer system of the city, to connect therewith all sewage drainpipes of such buildings and failure to do so was declared to be unlawful and to be a nuisance. Section 3 of the ordinance makes it unlawful for any person to maintain a privy, vault, cesspool, or similar contrivance for the reception of human excrement or other sewage when the premises abut upon a street or alley in which a public sewer is located, and all such contrivances are declared to be nuisances. Section 7 of the ordinance provides that any person violating any of the provisions of the ordinance or failing or refusing to comply with same shall be fined not less than $2 nor more than $5 for each offense, and each day such person fails or refuses to make sewer connection from any property or building owned or occupied by him, and each day such contrivance into which sewage is cast, or permitted to be disposed, is kept or maintained in violation of the ordinance, is made a separate offense.

The city constructed a sanitary sewer system at a cost of approximately $600,000 on the revenue bond system, the rentals received from the owners or occupants of property abutting upon streets or alleys along which sewer laterals were constructed to be used to create a sinking fund to retire the bonds and pay the interest thereon. The sewer system was completed in the spring of 1934, and the citizens of Bowling Green were notified to make connection therewith. About 3,400 lots abut upon streets and alleys along which sewer laterals have been constructed, but the owners or occupants of less than 2,000 of these lots had made connection with the system when a number of warrants were issued in August, 1934, charging certain owners of property with violations of the ordinance of November 8, 1933. One John Meredith was first tried, and Hon. G. D. Milliken,

Jr., judge of the police court of the city of Bowling Green, sustained a demurrer to the warrant on the theory that the ordinance of November 8, 1933, was invalid, and he indicated his purpose to dismiss the warrants against all defendants where a common-law nuisance was not specifically alleged. It was his view that under the police power of the city the board of councilmen was not authorized to declare the maintenance of a surface toilet, vault, cesspool, or similar contrivance for the disposal of human excrement a public nuisance. Thereupon the city filed in this court a pleading styled "Petition for Writ of Prohibition," in which G. D. Milliken, Jr., judge of the Bowling Green police court, is named respondent.

The petition sets out at length the steps taken preliminary to the construction of the sanitary sewer system by the city, and the ordinance authorizing the construction of the system and the issuance of bonds is fully set out as is the ordinance of November 8, 1933, the validity of which is in question and the enforcement of which is necessary to enable the city to collect sufficient revenue in the form of rentals to retire the bonds with the proceeds of which the sewer system was constructed. It is alleged that unless the city can by ordinance compel the property owners of the city to make connection with the sanitary sewer system a large percentage of the citizens will not connect with same, thereby jeopardizing the health of the residents of the city, and that by the provisions of section 3290-16, Kentucky Statutes, the city has the right to protect the health of its citizens and to that end to declare and define public nuisances. It is further alleged that the respondent has jurisdiction to try the persons against whom warrants have been issued, but that the fine imposed for failure to comply with the ordinance is from two to five dollars and, while such fines are sufficient to enforce the law if the ordinance is held constitutional, the amount is not sufficient for the city to appeal from the judgment of the police court to any higher court, and it is, therefore, without any adequate remedy at law by appeal or otherwise to establish its rights or to require the use of the sanitary sewer system which was established to preserve the health of its citizens. The petitioner asks this court to issue a writ directing the judge of the police court of the city of Bowling Green to hold the ordinance of November 8, 1933, valid and to

adjudge that the petitioner has the right to pass such an ordinance and to declare and define all sewage disposals made contrary to the provisions contained in such ordinance as constituting a public nuisance.

We are met at the outset with a preliminary question of procedure. It is earnestly insisted by the respondent that the petitioner has an adequate remedy at law and that, therefore, an original action in this court cannot be maintained, and in this view we concur. The Court of Appeals has only such jurisdiction as section 110 of the Constitution confers upon it. That section reads:

> "The Court of Appeals shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations not repugnant to this Constitution, as may from time to time be prescribed by law. Said court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions."

An examination of the numerous cases in which section 110 of the Constitution has been construed discloses that the Court of Appeals is reluctant to assume jurisdiction in an original proceeding in that court and will do so only where it clearly appears that the petitioner has no other adequate remedy.

This is not an original proceeding in this court seeking the issuance of a writ controlling an inferior court in a specific case where one of the litigants has no adequate remedy by appeal or otherwise, but it is in the nature of a declaratory judgment proceeding instituted in the appellate court. The case of City of Bowling Green v. John Meredith has been disposed of in the police court of the city, and by this proceeding the city seeks to obtain a declaration of rights as between it and its police judge and to obtain a ruling of this court that will be binding on the respondent when similar cases are tried by him in the future. In the trial of such cases the respondent is acting within his jurisdiction, but the city claims that he acted erroneously in dismissing the warrant in the Meredith case and that he will act erroneously when similar cases now pending in his court are tried.

While the city, by reason of the amount of fine that can be imposed, is without the right of appeal, it does

not follow that other remedies are not available, nor does it appear that "great and irreparable injury," as we have defined that term, will result. In construing section 110 of the Constitution in Duffin v. Field, 208 Ky. 543, 271 S. W. 596, we said in reference to original proceedings in this court:

"We are heavily taxed with them already, and we are admonished that we should not infringe upon our time or burden ourselves further with entertaining original actions filed before us, except where it is necessary to carry out the intent and purposes of section 110 of the Constitution, supra, as heretofore construed by us. That construction is, that we will prohibit inferior courts in all cases where [1] they are threatening to proceed, or are proceeding, in a matter of which they have no jurisdiction and there is no remedy through an application to an intermediate court; and [2] where they, although possessing jurisdiction, are exercising or about to exercise it erroneously and great injustice and irreparable injury would result to the applicant if they should do so, and there exists no other adequate remedy by appeal or otherwise. Western Oil Refining Co. v. Wells, 180 Ky. 32, 201 S. W. 473; Natural Gas Products Company v. Thurman, Judge, 205 Ky. 100, 265 S. W. 475; Tompkins v. Manning, Judge, 205 Ky. 327, 265 S. W. 830; Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460, and many other cases referred to in those opinions."

In Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395, 396, it was said:

"We have steadfastly adhered to the law, as everywhere declared, that without the element of 'great injustice,' 'great and irreparable injury,' 'irreparable injury,' or some such expression embodying the same idea, our original jurisdiction would not be exercised where the inferior court was proceeding within its jurisdiction, although erroneously and without the right of appeal or other remedy."

Other cases in which the limits were defined within which the Court of Appeals will exercise its discretionary power to issue such writs as may be necessary to give it general control of inferior courts are Osborn v. Wolfford, 239 Ky. 470, 39 S. W. (2d) 672; L. W. Henneberger Co.'s Assignee v. Price, 252 Ky. 402, 67 S. W.

(2d) 471; Glass v. Alcorn, 254 Ky. 16, 70 S. W. (2d) 964; Union Trading Co. v. Hubbard, 252 Ky. 518, 67 S. W. (2d) 693; Blenke v. Caldwell, 251 Ky. 46, 64 S. W. (2d) 428; Clapp v. Sandidge, 230 Ky. 594, 20 S. W. (2d) 449, 451. In the last-cited case the court, referring to a writ of prohibition, said:

> "The writ may be granted in extraordinary cases, when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice. Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460; Western Oil Ref. Co. v. Wells, 180 Ky. 36, 201 S. W. 473; Ill. Cent. R. Co. v. Rice, 154 Ky. 198, 156 S. W. 1075. But the remedy will be denied in cases not possessing the essential characteristics delineated by the decisions, or, in other words, when it is not necessary in order for this court to vindicate and maintain its constitutional control over inferior jurisdictions."

There are methods other than an original proceeding in the Court of Appeals by which the validity of the ordinance in question can be determined and a ruling obtained binding upon the police judge of the city. Two of these that occur to us are: (1) An action against the recalcitrant property owners for a mandatory injunction requiring them to make connections with the city's sanitary sewer system in accordance with the provisions of the ordinance of November 8, 1933; and (2) a proceeding under the Declaratory Judgment Act (section 639a-1 et seq., Civil Code of Practice). Section 1 of the act (Civil Code Prac. sec. 639a-1) reads:

> "In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked."

Section 2 (Civil Code Prac. sec. 639a-2) provides that any person whose rights are affected by statute, municipal ordinance, or other government regulation, provided that an actual controversy exists with respect thereto, may apply for and seek a declaration of his rights or duties. Section 11 defines the word "person" as including a municipal corporation. The act provides procedure for the prompt decision of questions

involved in cases brought thereunder, both in the circuit court and the Court of Appeals. Under that act the validity of a municipal ordinance may be determined in an action by any person whose rights are affected, if an actual controversy exists. Dowdy v. City of Covington, 237 Ky. 274, 35 S. W. (2d) 304.

The case before us discloses an actual controversy between the petitioner and certain of its citizens which can be speedily determined in an action brought under the Declaratory Judgment Act, either by the city or by one or more of its citizens affected by the ordinance in question. A declaration of rights by a court having jurisdiction to grant relief will be binding on the respondent and on all citizens similarly situated to those who are parties to such action. In such a proceeding the circuit court will be given an opportunity to pass on the question, and where there is a remedy by an action in the circuit court the Court of Appeals will not exercise a supervisory control over an inferior court by an original writ except "in extraordinary cases when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice." The present case presents no such exigency.

The motion for a writ of prohibition is denied, and the petition is dismissed.