## Karnes v. City of Benton et al.

(Decided March 19, 1935.)

ALBERT KARNES for appellant.

PRINCE & COX and A. E. CROSS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The city of Benton, located in Marshall county, Ky., is of the sixth class. On May 10, 1930, it adopted an ordinance, which, in so far as it is pertinent to the issues involved, reads:

"The Board of Trustees of the Town of Ben-

ton, Kentucky, do ordain as follows: That there be and there is hereby levied a special privilege tax of $15.00 per annum upon each separate trade, occupation, business, or profession conducted, engaged in, or carried on in the Town of Benton, and under one management and one force of clerks and operators, unless a different tax is hereinafter specially provided for.

"Provided further that each person, firm or corporation engaged in, carrying on or conducting an additional line of business, trade or occupation as hereinafter defined, shall pay for such additional lines of business, trade or occupation—$5.00.

"For the purpose of fixing the primary tax of $15.00 herein provided for and additions thereto of additional lines of business, trades, occupations or professions; said lines of businesses, trades, occupations and professions are classified and defined as follows: Butcher shop or meat dealer is defined as a business or individual selling fresh meats in smaller pieces than a quarter of carcass."

The ordinance fixes a penalty of $15 per day for any person, firm, or corporation conducting, engaging in, or carrying on, in the corporate limits of the town, any line of business, trade, occupation, or profession defined therein, without first obtaining a license so to do.

U. G. Karnes, a farmer who resided on a farm outside the corporate limits of Benton, was arrested on a warrant issued by the proper officer of the city, for a violation of the ordinance alleged to have been committed in the corporate limits, by his selling a smaller piece of fresh meat "than a quarter of a carcass." He filed this action setting forth the adoption of the ordinance, its provisions, the issuance of the warrant, and the steps taken thereunder, and sought relief from its enforcement. He charges that "he is not a butcher," "resides outside of the town of Benton," "does not engage in any business, trade, calling, occupation or profession therein," "and that farming is his sole and only occupation"; "that on his farm he has one brood sow, the pigs from which he raises his meat for himself and family, and the surplus over and above what is needed for family use, he fattens and sells on the open market, or in any manner in which he deems best";

"he is not engaged in the business of buying and selling or buying and butchering hogs or any other livestock"; "he does not have an office in the city of Benton or any other place wherein he conducts the business of butchering, or any other business other than farming"; "he has butchered two small hogs and sold part of them within the town of Benton"; "these hogs were born and raised on his farm and were the product of his farm"; "he had not sold any other meat in the town of Benton"; "he had not bought and sold or bought and butchered any meat whatsoever, but that all the meat which he butchered was the product of his farm."

The city demurred to the petition. It was sustained. Karnes declined to plead further; it was dismissed. The court's decree sustained the validity of the ordinance and declared Karnes was subject to punishment for violating it.

The parties agree that sections 181 and 181a of our Constitution authorize the General Assembly by general law to delegate the power to cities to impose and collect license fees on "trades, occupations, and professions." Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967, 968. Section 3704-1, Kentucky Statutes, expressly confers this power on cities of the sixth class. "From the very beginning we have upheld the power of the General Assembly and all municipalities, not only to classify different trades and occupations for taxation purposes, but to subdivide the classes into particular classes, if made according to natural and well-recognized lines of distinction." See Williams v. City of Bowling Green, supra; Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A. (N. S.) 195, 129 Am. St. Rep. 238; Metropolitan Life Ins. Co. v. City of Paris, 138 Ky. 801, 129 S. W. 112.

It is insisted by the city that the ordinance "imposes a license fee or privilege tax of $15.00 per annum upon meat dealers who sell any quantity of meat in the town of Benton less than a quarter of a carcass"; and that this designation of the quantity of the carcass is a classification distinct from butchering and that the city was well within its right when it did so by the ordinance. Young et al. v. City of Lexington, 235 Ky. 822, 32 S. W. (2d) 410. It argues:

"Though a city cannot exact a license fee or tax

of nonresidents who merely pass through the city, it can require nonresidents who carry on a business

within the city to pay such license fee or tax.''

Commonwealth, for Use and Benefit of Hazard, v. Kelley, 229 Ky. 722, 17 S. W. (2d) 1017. It insists that Karnes, when selling meat within the corporate limits of the city in a smaller quantity than a quarter of the carcass, actually engages in business in the city within the terms ''trades, occupations or professions,'' as they are used in the Constitution, the statutes, and the ordinance. It should be observed that the ordinance declares it shall be unlawful for any person to ''engage in,'' or ''carry on'' any ''trade,'' ''occupation,'' or ''profession,'' without first procuring the license and paying the tax of $15 therefor. The words ''trades,'' ''occupations,'' or ''professions,'' mean to ''engage in'' or ''carry on'' a business for subsistence or profit, and not merely engaging in or conducting an isolated or a single transaction, such as a farmer engages in when selling the surplus meat of the hogs slaughtered on his farm. The sale of farm products in such case is merely an incident to the principal business of farming, and, in selling meat produced on his farm within the corporate limits of Benton, Karnes was not carrying on, or engaging in, the ''business, trade, occupation or profession'' of a butcher or dealer in meats as these terms are used in the ordinance, though he sold in quantities less than ''one quarter of a carcass.'' To construe the ordinance otherwise is to be forgetful of its language, and the equivalent of construing it to be a ''sales tax.''

In 21 American English Enc. of Law, 811, the applicable rule is thus stated:

''As a general rule, the performance of a single act, or even a number of isolated acts, pertaining to a particular business, will not be considered as engaging in or carrying on such business within the meaning of a law imposing a license tax; but it may be so considered where an intent to engage in the business is clearly apparent. So a statute imposing a tax upon persons who engage in a certain business for hire or profit does not warrant the collection of the tax from a person who performs acts pertaining to such business for his own benefit and in connection with his regular business.''

This rule was quoted with approval in Evers, etc., v. City of Mayfield, 120 Ky. 73, 85 S. W. 697, 27 Ky. Law Rep. 481. See Mente v. Eisner (C. C. A.) 266 F. 161, 11 A. L. R. 496; Hutchings v. Burnet, Commissioner of Internal Revenue, 61 App. D. C. 109, 58 F. (2d) 514; In re Snyder, 10 Idaho, 682, 79 P. 819, 68 L. R. A. 708; Gunn v. Mayor, etc., of Macon, 84 Ga. 365, 10 S. E. 972.

In 15 American English Enc. of Law (2d Ed.) page 294, in discussing hawkers and peddlers as applicable to farms and gardens, the author says:

"'A farmer or gardner, although he may vend his commodities at retail from door to door and from town to town, is not regarded as a hawker or peddler, so long as he confines his sales to the growth or production of his own farm or garden. The sale of farm or garden products in such case is considered merely an incident in the principal business of farming and gardening.''

The object of the ordinance involved is to tax those who engage in or carry on "trades," "occupations," and "professions," in the city, within the meaning of these terms as they are used in the ordinance.

We are convinced that it does not apply to the facts alleged in the petition.

Wherefore, the judgment is reversed for proceedings consistent herewith.