## City of Mayfield et al. v. Reed.

April 18, 1939.

R. E. JOHNSTON, L. O. FULCHER and AUBREY HESTER for appellant.

McDONALD & BOAZ for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is an appeal from a judgment enjoining and restraining the police judge and other officials of the City of Mayfield from enforcing a license tax ordinance adopted by the city as against H. H. Reed and from trying and fining him on a warrant charging violation of such ordinance and from issuing other warrants or arresting and trying him thereunder for alleged violation of the ordinance.

There is no question made concerning the constitutionality or validity of the ordinance except as to its application to appellee in the particular circumstances shown by the record. Section 10 of the ordinance provides in part:

"Each person, firm, company, or corporation carrying on, conducting or managing any business, calling, occupation or profession * * * hereunder named shall pay the license fee hereinafter stated or set opposite the business, occupation, calling, or profession named hereinafter."

The pertinent portion of section 12 of the ordinance reads: "Accountants, certified, public, not pro rata, each $50.00."

The facts are: The Merit Clothing Company engaged in the manufacture of clothing in the City of Mayfield for some years had its books audited semi-annually. No particular firm has been regularly engaged to do the auditing but its board of directors by resolution provides for the employment of some accountant or firm of accountants to make each audit. By resolution of the board of directors and through correspondence it employed Peat, Marwick, Mitchell & Company, a firm of auditors whose office and place of business is in St. Louis, Missouri, to make an audit for the six months period ending April 30, 1938. Appellee and another employee of the auditing company were sent to Mayfield where they engaged for a number of

days in going over the books and accounts of the clothing company, securing and preparing data and making up the audit. There is a long stipulation in the record in which it is agreed that appellee and his helper engaged in auditing the books and accounts of the clothing company at its place of business in Mayfield, otherwise, the foregoing statement of facts is sufficient for the purpose of this appeal without going into further detail concerning the stipulation. A warrant was issued against appellee charging violation of the ordinance by making an audit without first procuring a license so to do as therein provided. He brought this action for a declaration of rights and to enjoin the police judge and other officials from trying him under that warrant or from issuing and prosecuting him under other warrants.

Some question is made concerning the jurisdiction of the circuit court to hear and determine the injunction suit but like procedure had been followed in former cases of this character. City of Danville v. Quaker Maid Stores, Inc., 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 590; Karnes v. City of Benton, 258 Ky. 425, 80 S. W. (2d) 558. See also Dowdy v. City of Covington, 237 Ky. 274, 35 S. W. (2d) 304; Civil Code of Practice, Section 639a—2.

It is conceded that the principal question for determination on this appeal is whether appellee was carrying on or engaged in his calling or profession in the City of Mayfield within the meaning of the ordinance. Appellee's employers did not maintain an office or place of business in Mayfield, and while they held themselves out as auditors they did not solicit business there and appellee was not a resident of nor did he maintain an office or place of business in Mayfield but went wheresoever he was sent by his employers to make audits, and, this particular audit was being made under a specific employment. The same auditing company had made one or two previous audits for the company under specific employment.

In Karnes v. City of Benton, supra, Karnes, a farmer who resided outside the corporate limits of the city was charged with selling meat within the city in quantities less than one quarter of a carcass without license so to do as provided by ordinance of the city. In a suit to enjoin the enforcement of the ordinance against him the lower court sustained a demurrer to and dismissed his petition. On appeal the judgment was

reversed. In the course of the opinion it was said [258 Ky. 425, 80 S. W. (2d) 560]:

> "The words 'trades,' 'occupations,' or 'professions,' mean to 'engage in' or 'carry on' a business for subsistence or profit, and not merely engaging in or conducting an isolated or a single transaction * * *," and further quotes from a text authority wherein it is said: " 'As a general rule, the performance of a single act, or even a number of isolated acts, pertaining to a particular business, will not be considered as engaging in or carrying on such business within the meaning of a law imposing a license tax; * * *.' "

In Evers et al. v. City of Mayfield, 120 Ky. 73, 85 S. W. 697, 698, 27 Ky. Law Rep. 481, an ordinance imposing a license tax for each attorney, physician, etc., practicing their profession in the City of Mayfield was involved. The ordinance exempted lawyers, physicians, etc., who came into the city on special professional business unless they advertised for or solicited business therein. In the course of the opinion it was stated as a general principle and without regard to the exemption made by the ordinance that:

> "If a physician living in Louisville is sent for to perform a surgical operation in Mayfield, and comes there on that business, he should not be required to pay the occupation tax in Mayfield, because that is not the place where he practices his profession. The power given by the statute to tax occupations refers to occupations followed in the city, and not to people who come there under specific employment to attend to a special matter."

Those cases are directly in point and apparently conclusive that a single isolated transaction under a specific employment is not "carrying on," "conducting," or "managing" any business, calling, etc. within the scope and meaning of the ordinance. This court, however, has recognized the right of municipal corporations to impose license taxes upon nonresidents whose vocations are pursued within the corporate limits the same as it may impose such taxes upon residents of the city. See W. T. Sistrunk v. City of Paris, 205 Ky. 835, 266 S. W. 656; Commonwealth for the Use, etc. v. Kelley, 229 Ky. 722, 17 S. W. (2d) 1017; Young & Jones v. Town of Campbellsville, 199 Ky. 284, 250 S. W. 979;

Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967. But in all of these cases there was a continued activity in the particular trade or calling within the city and the person attempted to be charged with the tax was actually holding himself out as engaged in such business or calling in the city and soliciting and accepting business therein.

As will be seen the ordinance is general in its terms and does not expressly relate to nonresidents who come into the city under specific employment to do or to perform some isolated act in connection with a trade, profession or calling referred to therein, therefore, if, in the proven circumstances, appellee comes within its provisions it must be by necessary implication.

The primary purpose of judicial construction or interpretation of statutes or ordinances is to determine the intent and purposes thereof and if this may be determined from the language of the statute or ordinance, no other rule of construction or interpretation is necessary. Since the ordinance in question does not expressly provide for a license in this instance, resort must be had to established rules of construction to determine whether the license is required in such instances by necessary implication.

In 43 C. J. 569, it is said: "The same rules that must be observed in the construction of statutes apply in construction of municipal ordinances. * * *."

In construing statutes to arrive at their purpose and intent courts may and should look to the state of the law at the time of their enactment, including decisions of the court relative thereto; and it is to be presumed that in enacting a statute or ordinance the lawmakers knew or were advised of the existing state of the law. 25 R. C. L. 1052, section 277 et seq. Long before this ordinance was enacted the opinion in the Evers case, supra, had been handed down, holding, without regard to the exemption referred to in a license ordinance enacted by the City of Mayfield that a non-resident coming into the city to perform a single, isolated act under specific employment should not be required to take out a license. With the presumed knowledge of the purport and effect of that decision the legislative body of the city enacted this ordinance in general terms and without any express or apparent purpose or intent to extend it to isolated transactions of the character in-

volved here. It is recognized by both parties that municipal corporations have no inherent power to impose occupation license taxes but only such power in that respect as is delegated to them by the state. Whether under the powers delegated by the state to cities of the class of Mayfield it would be permissible for it to impose license tax upon non-residents in transactions of the character involved here we need not determine since the ordinance under consideration does not expressly nor by necessary implication attempt to do so.

Judgment affirmed.

Whole Court sitting.