## City of Harrodsburg et al. v. Southern Ry. Co. in Kentucky.

April 25, 1939.

F. DOUGLASS CURRY for appellants.

EDWARD P. HUMPHREY and C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In 1901 the Board of Council of the city of Harrodsburg enacted an ordinance requiring railroads operating upon the streets of the city to erect and maintain at

all street crossings electric gongs and signals similar to those then in use on the Cincinnati, New Orleans & Texas Pacific Railroad in Mercer County. The ordinance provided a fine of not less than $5 nor more than $50 for each day any railroad failed to comply with its provisions.

The Southern Railway in Kentucky operates a railroad through the city of Harrodsburg, and its tracks cross seven streets within the corporate limits of the city. After the passage of the ordinance of 1901, it installed electric gongs, or signals, at all street crossings, and maintained them until 1909, when, as it claims, they were damaged and rendered inoperative by citizens of Harrodsburg who objected to their operation because of the noise incident thereto. They were never repaired, and have not been in operation since 1909. In 1938 some of the officers of the city of Harrodsburg were threatening to enforce the ordinance of 1901, and on April 4, 1938, the Southern Railway in Kentucky brought this action in the Mercer circuit court against the city of Harrodsburg, the city attorney, the judge of the police court, the mayor, and the chief of police of the city to enjoin them from instituting or causing to be instituted and from prosecuting or trying or causing to be tried and prosecuted any criminal proceeding or penal action against it for violating any of the provisions of the alleged ordinance of 1901. The action was brought under the Declaratory Judgment Act, Section 639a—1 et seq., Civil Code of Practice, and the plaintiff asked for a declaration of rights. It averred in its petition that the Board of Council of the city of Harrodsburg adopted an ordinance on September 19, 1911, requiring all persons or corporations operating a line of railroad through Harrodsburg to erect and thereafter maintain safety gates at points where the railroad crossed certain streets; that this ordinance was entirely inconsistent with and repealed the alleged ordinance of 1901; that, if wrong in this, the ordinance of 1901 was certainly repealed by an ordinance adopted by the Board of Commissioners of the city of Harrodsburg on February 20, 1923, to become effective March 1, 1923, which repealed all prior ordinances except certain ordinances specifically mentioned in section 68 of the 1923 ordinance. It further averred that the defendants, other than the judge of the police court, were threatening to and would, unless restrained by the court, cause

to be instituted in the police court in the city of Harrodsburg approximately 2,555 criminal proceedings or penal actions charging that the plaintiff had, within the period of limitations, violated the provisions of the alleged ordinance of 1901, seven times every day, once at each of the seven places where its railroad intersects a street of the city, for a period of 365 days. A special demurrer and a general demurrer to the petition were overruled. The defendants filed an answer in which the only affirmative matter was an allegation that the police court of the city of Harrodsburg had exclusive jurisdiction of prosecutions under the ordinance in question, and that the circuit court was without jurisdiction to hear and determine the injunction suit. A demurrer to the answer was sustained, and, the defendants having declined to plead further, the court adjudged that the ordinance claimed by the defendants to have been adopted in the year 1901 was repealed by the ordinance of 1923, and the defendants were permanently enjoined from instituting any proceedings thereunder.

Appellants' contention that the circuit court was without jurisdiction cannot be sustained. It is well-settled that an action for injunctive relief to prevent multifarious prosecutions can be maintained when the validity of a statute or ordinance is involved and such relief can be granted in a proceeding under the Declaratory Judgment Act. City of Mayfield v. Reed, 278 Ky. 5, 127 S. W. (2d) 847, decided April 18, 1939; Karnes v. City of Benton, 258 Ky. 425, 80 S. W. (2d) 558; City of Bowling Green v. Milliken, Police Judge, 257 Ky. 245, 77 S. W. (2d) 777; Dowdy v. City of Covington, 237 Ky. 274, 35 S. W. (2d) 304; City of Danville v. Quaker Maid Stores, 211 Ky. 677, 278 S. W. 98, 43 A. L. R. 590; Lawton v. Stewart Dry Goods Company, 197 Ky. 394, 247 S. W. 14, 26 A. L. R. 686; Kilbourn, Judge v. Chapman, 163 Ky. 136, 173 S. W. 322; Zweigart v. Chesapeake & Ohio Railway Company, 161 Ky. 463, 170 S. W. 1194; Chesapeake & Ohio Railway Company v. Harmon, 153 Ky. 669, 156 S. W. 121, 45 L. R. A., N. S., 946; Boyd v. Board of Council of City of Frankfort, 117 Ky. 199, 77 S. W. 669, 25 Ky. Law Rep. 1311, 111 Am. St. Rep. 240. Cf. Newlin v. Stuart, 273 Ky. 626, 117 S. W. (2d) 608; Bell Brothers Trucking Company v. Kelley, Police Judge of City of Somerset, decided April 18, 1939, 277 Ky. 781, 127 S. W. (2d) 831.

Harrodsburg, a city of the fourth class, adopted the

commission form of government in 1916. On February 20, 1923, its Board of Commissioners adopted an ordinance to become effective March 1, 1923, which clearly was a codification and re-enactment of all ordinances which the Board of Commissioners intended should remain in effect after the latter date. The enacting clause reads:

"Be it ordained by the Board of Commissioners City of Harrodsburg, Kentucky, that the following ordinances numbered from 1 to 68 be, and they are hereby enacted, adopted, codified and established for the regulation and government of the City of Harrodsburg, Kentucky, to be in full force and effect from and after the 1st day of March, 1923."

More than fifty sections of the ordinance defined various offenses, and provided penalties for violation thereof; one dealt with the police force, one created a fire zone and provided regulations for the construction of buildings, one dealt with licenses, and others with various matters. Section 68 reads:

"The adoption of these ordinances shall not be held to repeal or modify the ordinances governing the operation of the Municipal Water plant adopted May 19, 1908, and subsequent amendments thereto."

This section of the codification ordinance clearly indicates that it was the intention of the Board of Commissioners to include in this codification all ordinances which were intended to remain in effect after March 1, 1923, and to repeal all ordinances not mentioned in the saving clause of section 68. Otherwise there would have been no reason for adopting that section. The exception contained in section 68 was inserted because the members of the Board of Commissioners understood they were repealing all ordinances not included in the condification ordinance. The legal maxim, expressio unius est exclusio alterius, is applicable here. It is unnecessary to determine whether the ordinance of 1901 was repealed by the ordinance of September 19, 1911, since we have concluded that, in any event, it was repealed by the ordinance which became effective March 1, 1923.

Judgment is affirmed.