---

Gerald Kirven, Louisville, Ky., Ben J. Talbott, Jr., Louisville, Ky., on brief, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, Ky., of counsel, for appellant.

Richard M. Trautwein, Louisville, Ky., David L. Beckman, Rubin & Trautwein, Louisville, Ky., on brief, for appellees.

Before PHILLIPS, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

The appellant railway company filed this action to enjoin enforcement of a municipal ordinance which would require the railroad, among other things, at its own expense to erect and maintain safety gates for traffic at a railroad crossing within the corporate limits of the municipality. District Judge James F. Gordon refused to grant a preliminary injunction and dismissed the complaint upon the grounds stated in his findings of fact and conclusions of law, printed as an appendix hereto. Reference is made to

**SOUTHERN RAILWAY COMPANY,**
Plaintiff-Appellant,

v.

**Franklin J. CHAMBERS et al.,**
Defendants-Appellees.

No. 17651.

United States Court of Appeals
Sixth Circuit.

April 25, 1967.

see Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Cox v. United States, 332 U.S. 442, 68 L.Ed. 115, 92 L.Ed. 59.

the appendix for a more detailed statement of facts. The district judge continued in effect for a period of ten days a temporary restraining order restraining enforcement of the ordinance, in order to give appellant a reasonable period of time to seek equitable relief in the State courts of Kentucky.

Under date of January 18, 1967, this court entered an order enjoining enforcement of the ordinance pending a decision on the merits of the appeal. The appeal was advanced for hearing to the February 1967 session.

The ordinance here involved is substantially similar to the ordinance which the Court of Appeals of Kentucky held to be valid in City of Shively v. Illinois Central Railroad Co., 349 S.W.2d 682. The Supreme Court dismissed the appeal for want of a substantial federal question. 369 U.S. 120, 82 S.Ct. 653, 7 L.Ed.2d 611.

The complaint avers that the municipal corporation has issued criminal summonses against appellant railroad for violations of the ordinance. It is our opinion that the district court did not err in holding that appellant has an adequate remedy which it has not pursued under the laws of the Commonwealth of Kentucky and in refusing to exercise jurisdiction to enjoin enforcement of the ordinance under the facts of this case. Stefanelli v. Minard, 342 U.S. 117, 72 S. Ct. 118, 96 L.Ed. 138; Grubbs v. Pound 374 F.2d 448 (C.A. 6).

The injunction heretofore granted by this court is dissolved and the order of the district court is affirmed.

## APPENDIX

### FINDINGS OF FACT AND CONCLUSIONS OF LAW—Filed December 22, 1966

This cause came on to be heard on December 16, 1966, and December 21, 1966, on plaintiff's motion for a preliminary injunction and defendants' motion to dismiss the complaint, and the Court having considered the verified Complaint, briefs of counsel, and having heard arguments of counsel, and having considered the entire record herein.

Now, therefore, in accordance with Rule 52(a), the Court finds the facts and states the conclusions of law as follows:

### FINDINGS OF FACT

That plaintiff is a citizen of either the State of Virginia or the District of Columbia, and the individual named defendants are citizens and residents of the State of Kentucky. The defendant, City of Jeffersontown, is a municipal corporation of the fourth-class of the Commonwealth of Kentucky.

That the amount in controversy is in excess of Ten Thousand Dollars ($10,-000.00) excluding interest and costs.

That pursuant to its Ordinance No. 451, Series of 1966, the City of Jeffersontown by and through the named defendants, issued criminal summonses for the violation of said ordinance.

### CONCLUSIONS OF LAW

1. That there is a diversity of citizenship and an amount in controversy in excess of Ten Thousand Dollars ($10,-000.00) exclusive of interest and costs.

2. That the Jeffersontown Police Court is a State Court authorized by Section 143 of the Constitution of the Commonwealth of Kentucky, and created by Kentucky Revised Statutes, Section 26.-010.

3. That this Court may not grant an injunction to stay proceedings by the Jeffersontown Police Court as there is no Act of Congress expressly authorizing said injunction, that an injunction does not aid this Court in its jurisdiction or protect or effectuate any of its judgments. (Section 2283, Title 28, U.S. Code)

4. That the plaintiff will not suffer irreparable harm by the refusal to grant a preliminary injunction and has an adequate remedy that it has not pursued under the law of the State of Kentucky, including but not limited to the decisions of City of Harrodsburg v. Southern Ry., 278 Ky. 10, 128 S.W.2d 233 (1939), and City of Shively v. Illinois Central Rail-

road Company, Ky., 349 S.W.2d 682 (1961), certiorari denied in Illinois Central Railroad Co. v. Shively, 369 U.S. 120, 82 S.Ct. 653, 7 L.Ed.2d 611 (1962).

5. That there is no substantial Federal question involved and the enforcement of the ordinance would have only an incidental effect upon interstate commerce, and does not amount to an unconstitutional depriving of the railroad of its property without due process of law or deny the railroad equal protection of the law.

6. That in the discretion of this Court, the Federal Court should not exercise jurisdiction to enjoin a criminal prosecution in a State Court of Kentucky. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951).

S/James F. Gordon

Judge